## LAZAR v. CECELIA CO.

District Court, S. D. New York.
Sept. 18, 1939.

Gustave Simons, of New York City, for plaintiff.

Townley, Updike & Carter, of New York City (J. Howard Carter and Carl S. Forsythe, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

On April 14, 1939, a complaint was filed in this action alleging trade-mark infringement by the defendant and seeking an injunction, an accounting of profits, damages, attorneys'-fees and costs. On May 3, 1939, defendant filed a motion to dismiss the complaint on the following grounds:

(1) That the complaint fails to state a claim upon which relief can be granted;

(2) That the defendant is an Illinois corporation and was not subject to service of process in the Southern District of New York and that the defendant was not properly served with process in this action;

(3) That the action was commenced in the wrong district because defendant is an inhabitant of the State of Illinois;

(4) That the Court lacks jurisdiction of the action because the action is not properly one under the trade-mark laws of the United States and the amount in controversy is less than $3,000, exclusive of interest and costs.

In a memorandum dated June 13, 1939, I directed that the questions raised by subdivision (2) of the notice of motion be referred to a Special Master to hear and report, reserving decision in respect to subdivisions "1", "3" and "4" of the said notice of motion until the submission of the Special Master's report.

On July 5, 1939, I signed an order appointing George A. Spohr, Jr., Special Master, to hear and report his findings of fact and conclusions of law with respect to (1) whether the defendant corporation is doing business in the State of New York, and, if so, whether such business is of a character which would make it amenable to judicial process therein; and (2) whether the person upon whom the summons was served was a representative of the defendant and, if so, whether he was a proper representative of the defendant under the new Federal Rules of Civil Procedure, Rule 4 (d) (3) and (7), 28 U.S.C.A. following section 723c.

The Special Master took the statutory oath and examined the papers herein, preparatory to a hearing which he set for July 24, 1939, with the approval of the respective attorneys. On July 20th the attorneys signed and filed a stipulation adjourning the hearing to September 7, 1939. On August 31st plaintiff's attorney served a notice of motion returnable in this Court to quash certain subpoenas served by defendant and to stay the hearing set for September 7th. This motion was, in the main, denied from the Bench, September 5th. The following day defendant served a general notice of appearance. At the hearing on September 7th no witnesses appeared and the Special Master, after noting on the record what had transpired since his appointment, ruled that the issue referred to him had, by reason of defendant's general appearance, become academic and he has so reported to the Court. His report is approved.

After entering the general appearance and on an oral argument before me on September 12th, the attorney for the defendant withdrew the second, third and fourth grounds set forth in his original notice of motion to dismiss the complaint. The only question remaining is whether or not the complaint sets forth a claim upon which relief can be granted.

The complaint alleges, in substance, that in April 1922 one Earl Rayner commenced publication of a magazine known as the "Radio Digest" and that the said magazine was thereafter continuously published in the United States from that time by the said Rayner; that on April 8, 1922, Earl Rayner nled an application with the United States Patent Office for the registration of the trade-mark "Radio Digest" and that on January 23, 1923, such registered trade-mark was duly issued; that on August 1, 1930, Earl Rayner assigned said trade-mark together with the good will of the business to the Radio Digest Publishing Corporation and that said assignment was filed with the United States Patent Office on August 12, 1930; that the Radio Digest Publishing Corporation continued the publication and circulation of said magazine throughout the country until October 1933 when active circulation was suspended because of financial difficulties; that at that time plaintiff was an employee of the said Publishing Corporation and the circulation of the magazine was upwards of 30,-000 per month, but that capital for further publication was lacking; that the corporation did not abandon the magazine or its name but made a continuous search for further capital with which to resume publication; that in September 1934 plaintiff presented a plan to the corporation to resume active publication of the magazine as a digest of radio broadcasts; that plaintiff, on behalf of the corporation and on her own behalf, continued the active efforts to obtain fresh capital and general material for publication, making arrangements with printers for "active publication" of the said magazine; that on April 27, 1936, Radio Digest Publishing Corporation assigned, for a valuable consideration, its entire right, title and interest in the trade-mark "Radio Digest" together with the good will of the business to the plaintiff and said assignment was recorded in the United States Patent Office on July 11, 1936.

It is further alleged that plaintiff continued gathering material and seeking capital and was approaching successful culmination, when in January 1939 defendant unlawfully appropriated the name "Radio Digest" and the good will attached thereto, representing itself as the owner thereof to the general public and the broadcasters of the United States; that the plaintiff has been damaged by said unauthorized appropriation, and in spite of the fact that defendant has been apprised of plaintiff's rights that defendant is continuing publication under the unlawfully appropriated name of "Radio Digest".

The defendant's contention is that it appears from the complaint that the Radio Digest Publishing Corporation had ceased doing business and that the purported assignment of the trade-mark to the plaintiff was ineffectual.

 A trade-mark is merely a protection for good will and is not the subject of property rights except in connection with an existing business. Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 414, 36 S. Ct. 357, 60 L.Ed. 713. The trade-mark statute, 15 U.S.C.A. § 90, provides in part that: "Every registered trade-mark, and every mark for the registration of which application has been made, together with the application for registration of the same, shall be assignable in connection with the good will of the business in which the mark is used."

However, it has been held that after a company has ceased doing business it has no "good will in connection therewith" to convey and any subsequent assignment is ineffectual. Kelly Liquor Co. v. National Brokerage Co., Cust. & Pat.App., 102 F.2d 857, 860; La Fayette Brewery, Inc. v. Rock Island Brewing Co., Cust. & Pat.App., 87 F.2d 489.

 The complaint alleges that plaintiff's assignor suspended publication in October 1933 but goes on to state that "Radio Digest Publishing Corporation did not intend to abandon and did not in fact abandon the said magazine or its name, but that a continuous search for further capital with which to resume the publication of said magazine was made by its owner." Further, that material was gathered, analyzed, digested and edited and arrangements made with printers directed towards an active publication, when fresh capital could be obtained. Whether business absolutely ceased subsequently to the suspension of publication is a question of fact and whether there was an actual abandonment of the trade-mark is a question of fact. I cannot rule as a matter of law that the complaint shows that there was such abandonment. I am of the opinion that the complaint, on its face, states a sufficient claim upon which relief can be granted. Whether or not the allegations can be sustained by proper evidence is not now before the Court. Accordingly, defendant's motion to dismiss the complaint is denied. Defendant will serve its answer within twenty days of the service of the order to be entered on this decision.

 In an affidavit of services the Special Master shows that this matter took about twelve hours of his time. He asks an allowance of one hundred dollars. While the request, in view of the time involved, is proper, I feel that the fact that he eventually had nothing to decide must be considered and so I fix seventy-five dollars ($75) as the allowance to the Special Master for his services herein. The defendant is directed to pay the said sum to the Special Master within thirty days of the service of an order to that effect on defendant's attorney.

Submit order on two days' notice.