### LAZAR v. CECELIA CO.

District Court, S. D. New York.

Sept. 22, 1939

Gustave Simons, of New York City, for plaintiff.

Townley, Updike & Carter, of New York City (J. Howard Carter and Carl S. Forsythe, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

On September 18th, 1939, I filed a memorandum in this matter in which I disposed of defendant's motion. D.C., 30 F.Supp.

769. Plaintiff has submitted a proposed order in which there is a blank provision for costs and disbursements. According to plaintiff's affidavit, annexed to the proposed order, plaintiff disbursed $28.50 for the attendance fees and mileage of witnesses who were subpœnaed to attend before the special master and has incurred an obligation to process servers for their services in serving the subpoenas of $43.50. Defendant contends that the question of these disbursements and costs should not be considered by the court at this time, because they were not heretofore presented to the court and were not mentioned in the court's memorandum; and further, that plaintiff's right to these disbursements should depend upon and await the trial of the case itself. In my opinion plaintiff should be reimbursed now for her proper disbursements on the reference. The reference developed from defendant's motion, which among other things challenged the jurisdiction of the court on the ground (1) that defendant was an Illinois corporation and was not subject to service of process in this district because it was not doing business in this state, and (2) that the person served with the summons was not a proper representative of the defendant, under Rule 4(d) (3) and (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Those issues of fact were referred to the special master. Defendant gave every indication of going forward with the hearing on the issues and plaintiff was required to have certain subpoenas served, two of them in Philadelphia, in order to be ready to submit her proof on those issues. The day before the testimony was to be taken by the special master, the defendant's attorneys served a general notice of appearance which of course rendered unnecessary any proof on the issues that were the subject of the reference.

In respect to the obligations incurred for process servers, plaintiff will serve and file, on or before September 27th, supporting affidavits of process servers showing the time and efforts they used in making the service of the subpoenas.

If the defendant wishes to question the amount or necessity of any of plaintiff's said disbursements or charges an affidavit specifically discussing any questioned item and its propriety should be filed on or before October 3rd, 1939. A copy of this memorandum is being sent to counsel.