## BANKS et al. v. CHICAGO MILL & LUMBER CO.

### No. H–273.

United States District Court
E. D. Arkansas, E. D.
Nov. 28, 1950.

De Witt Poe, McGehee, Ark., Cracraft & Cracraft, Helena, Ark., for plaintiffs.

Daggett & Daggett, Marianna, Ark., for defendant.

LEMLEY, District Judge.

This was an action involving the title to certain Arkansas River accretions, locally termed "Quandt Island," and situated near Arkansas Post, Arkansas. Plaintiffs brought suit to quiet their alleged title to the area in controversy; defendant, by answer and counterclaim, set up title in itself which it asked to have quieted. The cause was submitted to the Court upon depositions, written briefs, and oral argument; at the conclusion of the case the Court made written findings of fact, conclusions of law, and comment thereon, which have been published, and which now appear in 92 F.Supp. 232. Reference is made to said findings, conclusions, and comment for a full discussion of the case; the decision of the Court was that the plaintiffs' complaint should be dismissed, that a decree should be entered for the defendant on its counterclaim, and that the plaintiffs should bear the costs.

After the Court's decision on the merits, the defendant procured from the Clerk a taxation of costs against the plaintiffs in a very substantial amount, and the plaintiffs filed a motion to re-tax. This motion was submitted on written briefs and was sustained in part and in part denied. In connection with said motion the Court had occasion to file a Memorandum, which is now being published in view of the fact that Judge John E. Miller of the Western District of Arkansas referred to a certain portion of it in his opinion in the case of Farrar v. Farrar, D.C.Ark., 106 F.Supp. 238.

Opinion

I have carefully considered the questions raised on the motion to retax costs in this case and the briefs filed on said motion, and have come to the conclusion that the following items should be allowed, and the remaining items disallowed:

1. The claim of the defendants for fees for exemplification and copies of papers necessarily obtained for use in the case, as itemized on page 10 of the defendant's brief, in the sum of $118.47, will be allowed as statutory costs. 28 U.S.C.A. § 1920.

2. The claim for fees and disbursements for witnesses generally will be allowed, and this allowance will include a taxation as costs of fees, mileage, and subsistence paid to expert witnesses *at the statutory rate*. In this connection, there seems to be some question as to the rate at which witness fees, mileage, and subsistence were computed, but doubtless counsel can agree as to the proper rates prevailing at different times, and to incorporate such agreement in the final order taxing the costs.

3. The amounts paid to Major Austin B. Smith for maps and for draftsman service to the extent of $147.25, appearing as items 10a, 10b and 10d in the cost bill, will likewise be allowed.

4. The claim of the defendant for the statutory attorney's docket fee of $20 and its claim for the statutory fee of $2.50 for each deposition introduced, which claims were not included in the cost bill but are mentioned and set forth in its brief, will be allowed.

The claims for reimbursement for compensation paid to defendant's expert witnesses will be disallowed, except to the extent indicated above, and the fees paid to stenographers for taking and transcribing the defendant's depositions will also be disallowed. Counsel may prepare and submit an order embodying the foregoing.

Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides, with certain exceptions not here relevant, that costs shall be taxed in favor of the prevailing party as a matter of course, unless the Court otherwise directs. Section 1920 of Title 28, U.S.C.A., provides that the Court may tax as costs certain items of expense, including fees and disbursements for witnesses, fees for exemplifications and copies of papers necessarily obtained for use in the case, and the docket fees provided for by Section 1923 of Title 28. The latter section provides for a docket fee of $20 for the attorneys on the trial or final hearing of a civil case, and for a docket fee of $2.50 for each deposition introduced in evidence.

These provisions vest the question of costs in a civil case in the sound judicial discretion of the Court, and in an equity case, such as this, the Court is not limited to the so-called "statutory costs", but in a proper case may make additional allowances of costs in accordance with sound equitable principles. Sprague v. Ticonic Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; R. F. C. v. J. G. Menihan Corporation, 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595; Harris v. Twentieth Century-Fox Film Corporation, 2 Cir., 139 F.2d 571; W. F. & John Barnes Co. v. International Harvester Co., 7 Cir., 145 F.2d 915; Swan Carburetor Co. v. Chrysler Corp., 6 Cir., 149 F.2d 476; Andresen v. Clear Ridge Aviation, D.C.Neb., 9 F.R.D. 50. Even before the Sprague decision the Eighth Circuit had affirmed this power in a federal equity court in the case of Guardian Trust Co. v. Kansas City Southern Ry. Co., 28 F.2d 233. In order to justify an allowance over and above the statutory costs, however, it must appear that exceptional circumstances exist in the case, and that predominating reasons of justice require such an award. Sprague v. Ticonic Bank, supra.

Here there are no such exceptional circumstances, and, with an exception relative to maps hereinafter noted, I perceive no predominating reasons of justice which compel an allowance of costs over and above those provided for in the statutes. This case was an accretion case, and while it was an involved case and a difficult case, it was not "exceptional", as accretion cases go. There is no question of any fraud or bad faith on the part of the plaintiffs, nor was their claim patently unfounded. On the contrary, the question of the ownership of the area in controversy was a close one. Under such circumstances I do not feel, in the exercise of my discretion, that the plaintiffs ought to be inordinately burdened with costs merely because their prosecution of the claim was unsuccessful. In this connection, the following language of Judge Delehant, denying in part a claim for costs in Andresen v. Clear Ridge Aviation, supra [D.C.Neb., 9 F.R.D. 54], is most pertinent: "The court considers that the plaintiffs instituted and prosecuted this action * * * in good faith and in the assertion of contentions which * * * they believed to be well founded, and not for the purpose of harassment or oppression. While the court found against them upon the merits of their demand, its ruling involved no finding of unworthiness or malice in the tender of their claim * * * (And) they were certainly within their rights in seeking a ruling favorable to themselves * * *."

As to the defendant's claim for reimbursement for expenses incurred in obtaining certified copies of documents and other data for the stipulation and of field notes, I feel that these documents were necessarily obtained for use in the case, and are allowable as statutory costs. Moreover, it will be recalled that the attorneys for the plaintiffs signed this stipulation with the various exhibits attached thereto and apparently made no objection to their inclusion.

The maps and charts which Major Smith prepared, or had prepared, with the exception of his chronology (Item No. 23 of cost bill) were of vital importance in the decision of the case and to its correct determination. They did more than "merely illustrate" his testimony; they were themselves of great value in my consideration of the issues. Numerous cases are cited in the briefs in which the costs of drawings and charts were allowed as items of taxable costs, and one of these cases is Swan Carburetor Co. v. Chrysler Corporation, supra, upon which the plaintiffs to some extent rely. The court in that case affirmed a taxation of the cost of preparing charts and drawings upon the theory that such costs were analogous to statutory costs, 149 F.2d at page 477, and, as indicated, they are allowed to the extent stated.

As to the statutory docket fees above mentioned, no discussion of these items is necessary; the Court considers the cost bill as amended so as to include a claim for them.

While I have the power to allow as costs the compensation paid to expert witnesses for their preparation and testimony, I do not feel that this is a proper case

for such an allowance. As heretofore stated, this case was not an exceptional case as accretion cases go, and there was no fraud, oppression, or bad faith on the part of the plaintiffs in filing and prosecuting their claim. The defendant suggests that when Mr. St. George Richardson's first theory appeared to be ill-founded, plaintiffs should have then and there abandoned their case; I do not agree. When this case was originally briefed and argued no question was raised as to the ability and good faith of Mr. Richardson with respect to either his first theory or his alternative theory. On the contrary, the highest compliments were paid by both sides to his integrity and his ability as a potamologist. I am entirely satisfied that Mr. Richardson believed in his second theory, and that the plaintiffs were justified in proceeding on his advice. In Cheatham Electric Switching Device Co. v. Transit Development Co., 2 Cir., 261 F. 792, 796, the court, speaking of taxing as costs the monies paid to expert witnesses, said, "Ordinary witness fees are taxable under the statute to be sure, but on the theory that the law requires the witness to attend and speak. An expert sells his opinion, as counsel sells his service, and he cannot by law be compelled to testify at all, while an attorney may be compelled to serve. There is considerably less reason for taxing experts' fees than might be urged for taxing the expense of legal counsel." This language was approved by Judge Delehant in the Andresen case, supra. While I am denying the defendant's claim for reimbursement for the compensation paid to Major Smith and General Tyler, nevertheless defendant is entitled to reimbursement for so much of the money paid to them as represents the statutory fees, mileage, and subsistence to which they would be entitled had they been merely lay witnesses.

 As to the stenographers' fees for the taking and transcribing of the depositions, a closer question is presented; there are, of course, a large number of cases in which such expenses have been taxed as costs. See a list of such cases in Andresen v. Clear Ridge Aviation, supra. But a careful consideration of this question in the instant case has convinced me that no such allowance should be made here. In this connection, I might say that I do not agree with the basic contentions of either party with respect to these fees; plaintiffs say I do not have the authority to tax them, while the defendant says, in effect, that I must tax them. I feel that I have the power to tax them, but that in the exercise of my discretion they should not be taxed. Cf. Andresen v. Clear Ridge Aviation, 9 F.R.D. at page 57. As I recall, at the inception of this case the attorneys on both sides requested that they be permitted to develop the case in their own way and to submit it on a stipulation of facts, depositions, written briefs, and oral argument. All parties evidenced a most cooperative attitude, and certainly no one gave the Court the impression that the plaintiffs' case was a frivolous one; on the other hand, the Court got the impression that this case was a difficult one which would take months to develop. This was borne out by the subsequent proceedings—not that both sides did not take entirely too much time; it will be recalled in this connection that again and again the Court called counsel's attention to the delay in winding up the case.

The case didn't have to be submitted on depositions. Such was done for the convenience of both sides, and I think in this instance each side should pay its own stenographic fees. It is to be borne in mind that the case did not merely involve an action by the plaintiffs against the defendant; the defendant filed a cross-action against the plaintiffs asking that its title to the property be confirmed. Here is where the main difficulty arose, and the defendant certainly did not have any open and shut case on its cross-complaint. It cannot be said with any degree of certainty that plaintiffs contemplated this action on the part of the defendant when they filed their suit, and part of the stenographic fees, of course, arose out of this cross-action of the defendant.

While litigation should never be encouraged, at the same time it is the policy of a court of equity in doubtful cases not unduly to burden those who in good faith seek relief at its hands, even though mistakenly.