**KENNY et al.**
v.
**UNITED STATES et al.**
**Civ. No. 1153.**

United States District Court,
D. New Jersey.
Feb. 15, 1954.

John B. Graf, Jersey City, N. J., for plaintiff.

William A. Roberts, Washington, D. C., James J. Langan, Jersey City, N. J., for defendant Hudson & Manhattan R. Co.

SMITH, District Judge.

This is a civil action under Sections 2321 to 2325, inclusive, of Title 28 U.S.C., 28 U.S.C.A. §§ 2321 to 2325. The opinion of the full court, reported in D.C., 103 F.Supp., at page 971, et seq., was filed herein and final judgment and decree was entered thereon. There was no appeal taken.

The action is before this Court at this time on a motion for the assessment and taxation of costs, filed by the defendant Hudson & Manhattan Railroad Company pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The right of the said defendant to costs is challenged by the plaintiffs. We had some doubt as to our jurisdiction to entertain the present motion without convening the full court of three judges. The doubt appears to be resolved by the opinion of the Supreme Court in the case of Public Service Commission of Missouri v. Brashear Freight Lines, 312 U.S. 621, 61 S.Ct. 784, 85 L. Ed. 1083. The cited case is apposite.

The verified bill of costs filed by the defendant asserts a claim for costs in the

total amount of $51,012.54. The itemized costs here claimed may be characterized, for the purpose of discussion, as: first, the ordinary expenses, such as fees and disbursements, the taxation of which is authorized by statute; and second, the extraordinary expenses incurred in defense of the action. We shall consider each of these separately.

### Ordinary Expenses.

■ The ordinary expenses here claimed include the following items:

| | |
|---|---:|
| Attorney's docket fee | $ 20.00 |
| Exemplification and copies of papers, etc. | 16.50 |
| Fees for stenographic transcript, etc. | 2,143.83 |
| Printing, mimeographing, etc. | 1,409.13 |

These fees and disbursements are taxable as costs under the express provisions of the statute, 28 U.S.C.A. § 1920, and the amounts thereof are not disputed by the plaintiffs. These will therefore be allowed and taxed as costs.

### Extraordinary Expenses.

The extraordinary expenses here claimed include the following:

| | |
|---|---:|
| Fees paid to William B. Saunders, an expert witness, for professional services | $3,451.76 |
| Expenses incurred by William B. Saunders | 395.36 |
| Fees of Associated Professional Services for technical assistance | 5,412.50 |
| Expenses incurred by Associated Professional Services | 928.22 |
| Counsel fees payable to Roberts & McInnis | 35,675.00 |
| Counsel fees payable to Markley & Broadhurst | 50.00 |
| Expenses incurred by counsel | 1,510.24 |

The defendant urges that the Court may allow and tax these fees and expenses as costs under established equitable principles and in the exercise of its equity jurisdiction.

### Reimbursement for Attorneys Fees.

■ It is the general rule that attorneys fees, except the conventional docket fees authorized by Section 1923 of Title 28 U.S.C., 28 U.S.C.A. § 1923, are not taxable as costs in the absence of express statutory authority. Oelrichs v. Spain, 15 Wall. 211, 82 U.S. 211, 231, 21 L.Ed. 43; Tullock v. Mulvane, 184 U.S. 497, 509, et seq., 22 S.Ct. 372, 46 L.Ed. 657; Marks v. Leo Feist, Inc., 2 Cir., 8 F.2d 460; cf. Gold Dust Corporation v. Hoffenberg, 2 Cir., 87 F.2d 451, 453. There are, however, exceptions to this rule.

■ The general rule and the reason for it are succinctly stated in the case of Oelrichs v. Spain, supra: "In debt, covenant and assumpsit damages are recovered, but counsel fees are never included. So in equity cases, where there is no injunction bond, only the taxable costs are allowed to the complainants. The same rule is applied to the defendant, however unjust the litigation on the other side, and however large the expensa litis to which he may have been subjected. The parties in this respect are upon a footing of equality. There is no fixed standard by which the honorarium can be measured. Some counsel demand much more than others. Some clients are willing to pay more than others. More counsel may be employed than are necessary. When both client and counsel know that the fees are to be paid by the other party there is danger of abuse. A reference to a master, or an issue to a jury, might be necessary to ascertain the proper amount, and this grafted litigation might possibly be more animated and protracted than that in the original cause. It would be an office of some delicacy on the part of the court to scale down the charges, as might sometimes be necessary."

There are numerous cases which recognize and sustain the historic equity jurisdiction of the federal courts to grant reimbursement for the cost of litigation, including attorneys fees and costs, as between solicitor and client. Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; Central Railroad & Banking Co. of Geor-

gia v. Pettus, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915; Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157, Washington Gas Light Co. v. Baker, 90 U.S.App.D.C. 98, 195 F.2d 29; City of Wewoka, Okl. v. Banker, 10 Cir., 117 F.2d 839; Guardian Trust Co. v. Kansas City Southern Ry. Co., 8 Cir., 28 F.2d 233. An examination of these cases, as well as others not herein cited, discloses that in each of them the attorneys fees and costs were assessed against either a fund produced by the litigation or the beneficiaries of the litigation, pursuant to commonly accepted equitable principles. The reimbursements for the costs of litigation were in the nature of allowances as between solicitor and client. Ibid. Such cases are easily distinguishable from the present case.

There are numerous other cases in which the federal courts have recognized and enforced, as between party and party, the right of the successful litigant to an allowance of counsel fees. Cohen v. Beneficial Industrial Loan Corporation, 170 F.2d 44, affirmed 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; People of Sioux County v. National Surety Co., 276 U.S. 238, 48 S.Ct. 239, 72 L.Ed. 547; Iowa Life Insurance Co. v. Lewis, 187 U.S. 335, 355, 23 S.Ct. 126, 47 L.Ed. 204; Associated Mfrs. Corporation of America v. DeJong, 8 Cir., 64 F.2d 64. However, in each of these cases the liability for attorneys fees was substantive in nature, either statutory or contractual, or both. Ibid. These cases are likewise distinguishable from the present case.

There are also cases in which the courts have allowed and taxed as costs the premiums paid on an injunction bond where such a bond was required as a prerequisite to the prosecution of an action in equity. Newton v. Consolidated Gas Co., 265 U.S. 78, 44 S.Ct. 481, 68 L.Ed. 909; Swalley v. Addressograph-Multigraph Corporation, 7 Cir., 168 F.2d 585. These cases are clearly not applicable.

There are cases which sustain the jurisdiction of the court to award counsel fees, as between party and party, where it clearly appears that the litigation is fraudulent and unjust. Even-Cut Abrasive Band & Equipment Corp. v. Cleveland Container Co., 6 Cir., 171 F.2d 873, 877; Schlein v. Smith, 82 U.S.App.D.C. 42, 160 F.2d 22, 25. The award of counsel fees in the former was predicated upon a determination that the action, based upon charges of fraud and misconduct, was clearly groundless and unjust; the award of counsel fees in the latter was predicated upon a determination that the defendant was guilty of gross fraud to the serious injury of the plaintiffs we are of the opinion that these cases will not avail the defendant in the present action.

■ The defendant contends that the plaintiffs had no right to maintain this action. The issue raised by this contention was heretofore decided by the full court. We held "that several, if not all, of the plaintiffs (had) a real interest in the controversy and (had) a right to maintain the action; the others (had) a right to intervene therein." Kenny v. United States, supra, 103 F.Supp. at page 973. This determination by the full court precludes a reconsideration of the issue.

■ The present plaintiffs and the intervenors protested the proposed fare increase and actively participated in the hearings conducted by the Interstate Commerce Commission. They therefore had a right under Section 2323 of Title 28 U.S.C., 28 U.S.C.A. § 2323, to initiate the present action.

The defendant further contends that the commencement of the action was prompted by political motives and its maintenance was therefore in bad faith. This contention was not made at the hearing before the full court either as a ground for the dismissal of the action or otherwise. We entertain some doubt as to the right of the defendant to raise the issue at this time, but we have nevertheless considered it in the light of the entire record, which was reviewed in our earlier opinion.

■ The defendant has offered in support of its contention photostatic copies of news items which appeared in the local press. This would indicate that the proposed fare increase, like many proposed fare increases, became the subject of public concern and political controversy. We are of the opinion, however, that evidence of this character will not support a determination that the commencement of the present action was prompted solely by malice.

### Fees of Expert Witnesses.

■ There is included in the verified bill of costs a claim for the fees paid to certain technical experts who assisted in the preparation of the defendant's case; the record discloses that one or more of these experts testified at the hearings before the Interstate Commerce Commission. We are of the opinion that these fees should not be taxed as costs. Cf. Henkel v. Chicago, St. P. M. & O. Ry. Co., 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386; Banks v. Chicago Mill & Lumber Co., D.C., 106 F.Supp. 234; Treadwell v. Mutual Life Ins. Co., D.C., 20 F.Supp. 494; Cheatham Electric Switching Device Co. v. Transit Development Co., 2 Cir., 261 F. 792; Andresen v. Clear Ridge Aviation, D.C., 9 F.R.D. 50.

### Scope of Final Judgment and Decree.

■ The final judgment and decree entered in this proceeding imposed upon the plaintiffs the obligation to pay the "costs"; there was no reference therein to counsel fees or other extraordinary expenditures. "The language used disclosed no intention to require more than the usual taxation. When used in a judgment or decree without qualification, the word 'costs' means the amounts taxable as such under Acts of Congress, rules promulgated by its authority and practice established consistently with governing enactments." Kansas City Southern Ry. Co. v. Guardian Trust Co., 281 U.S. 1, 9, 50 S.Ct. 194, 197, 74 L.Ed. 659.

It was further stated in the cited opinion: "The nominal amounts fixed by statute * * * and taxable as attorneys' fees, are not meant to cover the compensation to which lawyers in charge of the litigation are reasonably entitled. A decree merely allowing costs to be taxed does not mean that anything is to be included on account of counsel fees in addition to the amount specified in the statute. Even if it be assumed that federal equity courts have jurisdiction to allow costs as between solicitor and client and to include therein attorneys' fees in excess of the amount prescribed by statute * * * the purpose to authorize such costs and to make such allowance should be clearly expressed in the decree."

### Conclusions.

#### I.

The fees and disbursements hereinabove identified as "ordinary expenses" will be allowed and taxed as costs.

#### II.

The fees and disbursements hereinabove identified as the "extraordinary expenses" will be disallowed.