Bennet F. SCHAUFFLER, Regional Director of the Fourth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,

v.

UNITED ASSOCIATION OF JOURNEYMEN & APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, LOCAL 420, AFL, Al McHenry, its Business Manager, and John Small, its Business Agent, Respondents.

Civ. A. No. 16722.

United States District Court
E. D. Pennsylvania.
Dec. 12, 1956.

William W. Kapell, Philadelphia, Pa., for National Labor Relations Board.

Wilderman & Markowitz, Philadelphia, Pa., for respondents.

GRIM, District Judge.

In this case an injunction was issued against the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Local 420, AFL and its officers and agents. The decree awarding the injunction was affirmed by the Court of Appeals, 3 Cir., 218 F.2d 476. The Association and two of its agents violated the injunction and were found guilty of both criminal and civil contempt by this court. The Association was fined $1,000 and each of the two guilty agents was fined $200. At the time I imposed the sentences, in addition to imposing the fines in definite sums, I stated:

"I will impose the taxable costs and then you [the petitioner in this case] will have to bring your action to collect what taxable costs are. I am not going to pass at this time on what taxable costs are. However, the record should note that I am imposing the taxable costs upon the defendant in the civil [contempt] action."

The order imposing the fines upon the respondents was sustained by the Court of Appeals, 3 Cir., 230 F.2d 572. A petition for certiorari was denied by the United States Supreme Court. 352 U.S. 825, 77 S.Ct. 37, 1 L.Ed.2d 48. The remand to this court was filed on October 29, 1956.

The regional Director of the National Labor Relations Board was the plaintiff in the injunction proceedings. He was also the prosecutor in the proceedings to have respondents adjudicated to be in contempt of court. He has now filed a petition to determine what the taxable costs are and to have the taxable costs assessed against the respondents in the civil contempt action. He has asked that among the taxable costs be included his investigation and litigation expenses for the prosecution of the contempt cases both in this Court and the Court of Appeals. He asks that the following be imposed as taxable costs against the respondents:

"For expenses incurred and proportionate amount of salaries for time spent by Board attorneys and investigators in connection with the preparation, presentation and final disposition of the petition in civil contempt, including the brief and argument on appeal, and the preparation of brief in opposition to appellants' motion for a rehearing in the Court of Appeals;

"1. Reporter's charge for copy of transcript of testimony adduced at trial before the District Court, which was required in connection with respondents' appeal from the contempt adjudication — $ 166.80

"2. Cost of printing brief on appeal — 160.22

"3. Amount of salaries for time spent by Board attorneys from Washington, D. C.

"(A) William W. Kapell

"(1) per diem and fares incurred in traveling to and working in Philadelphia — 232.29

"(2) salary for 20 days spent in working on case at $37 per day — 740.00

"(B) Winthrop A. Johns

"(1) per diem and fares incurred in traveling to Philadelphia to argue appeal — 30.02

"(2) time spent on appeal, argument thereof, and opposition to motion for rehearing 5 days at $47.76 per day — 238.80

"4. Time spent by attorneys and investigators of the Philadelphia Regional Office in preparing the contempt case for hearing.

"(A) Leonard Leventhal, field attorney, investigation and preparation for trial, attendance at trial and conferences, 90 hours at $3.07 per hour — 276.30

"(B) Alan Zurlnick, field examiner, investigation and conferences, 40 hours at $3.64 per hour — 145.60

"(C) Herbert B. Mintz, field attorney, investigation, 2 hours at $3.07 per hour — 6.14

"Total — $1,996.17"

In the case of National Labor Relations Board v. Star Metal Mfg. Co., 3 Cir., 1951, 187 F.2d 856, the United States Court of Appeals for this circuit found the defendant guilty of both criminal and civil contempt for the violation of an injunction which it had issued. An examination of the records of that Court shows that in its sentence in the civil contempt adjudication, the Court ordered

the defendant in that case to pay a sum which represented the expenses incurred by the Board in connection with the prosecution of the contempt proceedings, including counsel fees and other expenditures incurred in the investigation, preparation, presentation and final disposition of the petition. The expenses which were allowed in the Star Metal case were of exactly the same type as the expenses for which the petitioner in the present case is seeking reimbursement.

Following the decision of the Court of Appeals in the Star Metal case, I shall impose upon the respondents in this case (found guilty of contempt) the items requested by the petitioner.

▆ I am aware of the fact that since this case and the order imposing the fines has been before the Court of Appeals there is some doubt about my power at this time to impose litigation and investigation expenses on the respondents. However, it appears to me that I have this power. See Sprague v. Ticonic National Bank, 1939, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184.

There may also be some doubt about my power to impose on respondents expenses arising from the handling of the case in the Court of Appeals. It appears to me, however, that I likewise have power to do this. The Court of Appeals did not issue the injunction and consequently could not have before it the problem of punishing for a violation of its own injunction. It appears to me that this District Court is the only court which can properly impose the requested expenses on respondents, at least in the first instance. It would seem to be desirable and proper (as it did to the Court of Appeals in the Star Metal case) that the guilty respondents be ordered to reimburse the petitioner for the full expenses which the National Labor Relations Board incurred in the necessary action which it took to uphold the law and to prosecute the violators of the injunction. These expenses should include not only those in the District Court, but the expenses incurred in the Court of Appeals as well.

Although there has been no hearing on the question of whether or not the requested costs were necessary or in a proper amount, I am satisfied both that the things which petitioner has set forth in his petition were done and that they were necessary in the prosecution of the action. I am satisfied also that the amounts claimed are reasonable.

The petitioner in this case has not followed the usual procedure to ascertain what proper costs are. The statute and rules provide:

"* * * A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C.A. § 1920.

Also:

"Before any bill of costs is taxed, the party claiming any item of costs or disbursements shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C.A. § 1924.

Also:

"* * * Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." Rules of Civil Procedure, rule 54(d), 28 U.S.C.A.

▆ No bill of costs has been filed with the Clerk of the Court in respect to the items requested in plaintiff's petition. I shall not require this, however, because the costs here claimed are not routine costs and it appears to me that the statute and rule quoted refer only to routine costs. Another reason for not requiring a bill of costs here is that it is clear to me that even if one had been filed with the Clerk, his decision on taxation certainly would have come before me for review. It would serve no useful purpose to require that the problem of taxing

these items as costs be referred to the Clerk of the Court. An affidavit is attached to the petition and it fulfills the requirements of the above-quoted Sec. 1924.

 An order may be submitted by petitioner imposing the costs on the United Association and Aloysius McHenry and John Small and specifying all the items set forth in the petition now before me, and providing that these costs be paid to the regional Director of the National Labor Relations Board within 30 days after the filing of such order. Payment of these costs shall be apportioned among the three respondents in the same proportion as the fine of each bears to the total amount of the fines, that is, five-sevenths thereof shall be paid by the United Association of Journeymen & Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Local 420, AFL; one-seventh thereof shall be paid by Aloysius McHenry; and one-seventh thereof shall be paid by John Small.