DEERING, MILLIKEN & CO., Inc.,
Plaintiff,

v.

TEMP–RESISTO CORPORATION and
Samuel Kaplan & Sons, Inc.,
Defendants,
and
Acker & Jablow, Inc., Charles W. Carvin
Co., Inc. and N. Erlanger Blumgart &
Co., Inc., Additional Defendants on
Counterclaims.

United States District Court
S. D. New York.
Jan. 15, 1959.

**454**

Townley, Updike, Carter & Rodgers, New York City, Stuart N. Updike, P. John Picinich, New York City, of counsel, for plaintiff.

Hays, Podell, Algase, Crum & Feuer, New York City, Edward Costikyan, Simon H. Rifkind, Mortimer Feuer, New York City, of counsel, for defendants.

FREDERICK van PELT BRYAN, District Judge.

■ This is a motion for an order taxing plaintiff's costs up to the date of a partial judgment in plaintiff's favor entered in this action on February 19, 1958.

The costs sought to be taxed amount to the sum of $40,730.62, most of which consists of one-half of the agreed fees of a special master ($33,785.29) and one-half of the reporter's fees for transcripts of the hearings before the master ($5,344.33). Defendants raise no question as to the correctness of the items or the amounts in the bill of costs sought to be taxed. However, they urge that the motion should be denied (1) because it is prematurely made, and (2) since it seeks to tax costs before the Court instead of before the clerk the motion is contrary to the intendment of Rule 54(d), F.R.Civ.P., 28 U.S.C.A.

These are two actions for patent infringement seeking an injunction and damages which were consolidated by stipulation. The defendants' amended answer asserted counterclaims against the plaintiff and against additional defendants named in the counterclaims alleging unfair competition and violation of the anti-trust laws. Pursuant to a stipulation approved by the Court the parties agreed that a special master should be designated by the Court to hear and render an advisory report upon the issues and that the costs and expenses of the reference should be borne by the losing party, except that no part of such costs and expenses should be borne by the additional defendants on counterclaims. Orders entered upon consent appointed the special master, fixed his fees and provided that such fees were to be paid currently one-half by plaintiff and one-half by defendants, with final adjustment to be made in accordance with the prior stipulation.

Hearings were held before the special master, pursuant to the order of reference, for some five months. The special master then filed his report. After motion by defendants to set aside his findings of fact and conclusions of law the cause was recommitted to him for additional findings of fact. Additional hearings were held and the special master filed his findings of fact on recommittal on July 1, 1957.

In an opinion dated January 22, 1958 (D.C., 160 F.Supp. 463) Judge Dawson overruled exceptions to the report of the special master and approved his findings. He held that the patents in suit were valid, that they had been infringed by defendants and that plaintiff was entitled to a permanent injunction against further infringement. He also held that the defendants had failed to establish their counterclaims against the plaintiff and the additional defendants for alleged unfair competition and violation of the anti-trust laws and that the counterclaims should be dismissed. He directed that the decree to be entered should provide for the payment of taxable costs to the plaintiff and the additional defendants and that the issue of damages should be referred to a master for determination.

On February 19, 1958, judgment was entered in accordance with the opinion which provided, among other things, that "Plaintiff shall be entitled to its taxable costs against defendants Temp-Resisto Corporation and Samuel Kaplan & Sons, Inc., jointly and severally, including the

costs and expenses of the reference to William H. Davis, Esq., as Special Master, * * * and plaintiff shall have judgment for the aggregate amount thereof." A special master was appointed to take testimony on the sole remaining question of damages but proceedings before him were stayed during the pendency of any appeal taken by the defendants. Such an appeal is presently pending.

The instant motion to tax costs in accordance with the judgment of February 19, 1958, followed.

The judgment of February 19, 1958, finally determined the issues as to alleged infringement and as to alleged unfair competition and violation of the antitrust laws in favor of the plaintiff and against the defendants. The decree expressly finds that "there is no just reason for delay in entering a final judgment upon all the claims for relief presented in this action except with respect to the amount of damages to which plaintiff and the additional defendants on counterclaims are entitled * * *". It further provides that the plaintiff "*shall* be entitled to its taxable costs * * * and plaintiff *shall* have judgment for the aggregate amount thereof".

Judge Dawson refused to suspend "the effectiveness of this decree, except as to the issuance of injunctions, and any accounting proceedings" as defendants requested, and stayed only the accounting proceedings.

There appears to be no reason for delaying the taxation of costs to which plaintiff is entitled under the decree which was entered pending the proceeding to determine damages which will follow. The costs awarded by the judgment are in no way dependent upon the outcome of the accounting proceeding and cannot be affected thereby. Whether the decree be referred to as an "interlocutory" judgment or as a "final" judgment as to the substantive issues is of no significance. The fact is that the decree finally determines the issues on this phase of the action against the defendants and is completely final in that sense even though the amount of damages remains to be determined.

The fact that an appeal is pending from the judgment does not call for any delay in the allowance of costs up to the date of the decree which was entered. The argument that under the stipulation of the parties costs are to be borne by "the losing party" and the plaintiff *may* lose on appeal, has no more merit than it would have in any case where an appeal was taken from a judgment which disposed of every issue in the action and was in all respects final. It could scarcely be suggested that the taxation of costs be deferred under such circumstances in the absence of a specific agreement of the parties to that effect. There is no such agreement here.

This Court has discretion in awarding costs which courts of equity possessed before the enactment of the Federal Rules. United States for Use of Wadeford Electric Co. v. E. J. Biggs Construction Co., Inc., 7 Cir., 116 F.2d 768. There is no doubt about the power of courts of equity to award costs upon entering a judgment of this nature. Avery v. Wilson, C.C.W.D.N.C., 20 F. 856; Crown Cork & Seal Co. of Baltimore City v. Standard Stopper Co., 2 Cir., 136 F. 184. See, also, Lazar v. Cecelia Co., D.C.S.D.N.Y., 32 F.Supp. 420; Lee v. United States, 9 Cir., 238 F. 2d 341. The motion to tax costs is not premature as the defendants urge and may be granted in the Court's discretion.

The defendants ask the Court to delay taxation of costs in the exercise of its discretion. They urge that a heavy burden would be placed upon them in the event that they were forced to bond such a large costs item and point to the fact that they have already posted a substantial bond against any damages that might be awarded in plaintiff's favor.

However, plaintiff refers to facts and figures indicating that its damages may far exceed the amount bonded. It should not be denied the protections which may

be afforded by the entry of judgment for this large costs item. The judgment which it has obtained is final with respect to every issue to which these costs relate, and, indeed, as to their allowance. No good reason has been shown for exercising my discretion so as to delay taxation of the costs to the date of the decree and the entry of judgment thereon. They should be taxed without further delay.

 There is no merit in the defendants' contention that Rule 54(d), F.R. Civ.P., requires that costs *must* be taxed in the first instance by the clerk and that the Court has no power to tax them. Rule 54(d), after providing for the allowance of costs of course, to the prevailing party "unless the court otherwise directs", provides that

> " * * * Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter the action of the clerk may be reviewed by the court."

The quoted language is merely permissive. It does not withdraw from the Court its inherent power to tax costs. Moreover, 28 U.S.C. § 1920 expressly provides that either a judge or the clerk may tax costs. The Court frequently does so. E. g., Schauffler v. United Association of Journeymen & Apprentices of Plumbing and Pipe Fitting Industry, etc., D.C.E.D.Pa., 148 F.Supp. 704, affirmed 3 Cir., 246 F.2d 867; Kenny v. United States, D.C.N.J., 118 F.Supp. 907; Mallonee v. Fahey, D.C.S.D.Cal., 117 F.Supp. 259; Lazar v. Cecelia Co., supra.

 In view of doubt raised as to whether the clerk had the power to tax fees and expenses of a reference (see Mallonee v. Fahey, supra), the questions raised as to whether costs might properly be entered at this stage of the action, and the unusually large amounts involved, it was apparently the suggestion of the clerk that the matter be brought on before the Court by motion rather than before him in the usual course. This was a sensible suggestion under the circumstances. The procedure followed is entirely proper and perhaps to be preferred in a situation such as this.

Plaintiff's motion to tax costs is granted. I have this day taxed costs in the amount shown by the bill of costs submitted by plaintiff in its moving papers.