Betty EVANS, Individually, and Betty Evans, as Guardian of Nicholas Evans Cato, A Minor, Plaintiff,

v.

Haskell Edgar FULLER and Swift Transportation Company, Inc., Defendants.

Ronnie CARSON, Plaintiff,

v.

Haskell Edgar FULLER and Swift Transportation Company, Inc., Defendants.

Civ. A. Nos. 81–5021, 81–5022.

United States District Court, W. D. Arkansas, Fayetteville Division.

June 2, 1982.

Walter R. Niblock and Bobby L. Odom, Niblock & Odom, Fayetteville, Ark., for plaintiffs.

Tilden P. Wright, III and Walter Cox, Davis, Cox & Wright, Fayetteville, Ark., for defendants Haskell Edgar Fuller and Swift Transportation Co., Inc.

Lewis D. Jones, Jones & Segers, Fayetteville, Ark., for defendant, Rockwell International.

Lynn F. Wade, McAllister & Wade, Fayetteville, Ark., for defendant, Springfield Trailer & Equipment, Inc.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

### Introduction

This case arose under 28 U.S.C. § 1332, based upon complete diversity of citizenship, for personal injuries received in an automobile accident which occurred in the state of Arkansas. Upon trial of the issues the jury returned a verdict in favor of the plaintiffs against the defendant, Haskell Edgar Fuller. The jury found no liability on the part of defendant, Swift Transportation Company, Inc. The jury awarded plaintiff, Nicholas Evans Cato, the sum of $500,000.00; plaintiff, Betty Evans, the sum of $10,000.00; and plaintiff, Ronnie Carson, the sum of $50,000.00. The verdict was read May 1, 1982, and judgment was entered accordingly on May 4, 1982. On May 13, 1982, plaintiffs filed their Bill of Costs, seeking to have costs taxed against defendant Fuller in the sum of $13,476.60. Defendant Fuller has timely responded, and the matter of costs is now ripe for adjudication.

### DISCUSSION

Plaintiffs seek to recover as costs (1) Clerk and Marshal fees in the amount of $118.40; (2) Court Reporter fees for transcripts necessarily obtained for use in the case in the sum of $1,321.80; (3) costs incident to the taking of depositions in the amount of $1,005.20; and (4) witness fees of $11,031.20.

Rule 54(d), Fed.R.Civ.P., provides:

Except when express provision therefor is made either in a statute of the United

States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . . .

▪ Three related concepts must be distinguished in this context—"costs," "fees" and "expenses." "Costs" are those charges that one party has incurred and is permitted to have reimbursed by his opponent as part of the judgment.

"Fees" are those amounts paid to the court or one of its officers for particular charges that typically are delineated by statute. These generally include docket fees, marshal's charges, and witness fees.

▪ "Expenses" include all expenditures actually made by a litigant in connection with the action. *See generally*, Wright & Miller, Federal Practice & Procedure, § 2666.

▪ Other than when the matter is controlled by a federal statute or rule, the court is vested with a sound discretion by Rule 54(d). *Farmer v. Arabian Amer. Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); *Boyd v. Ozark Air Lines, Inc.*, 568 F.2d 50 (8th Cir. 1977).

In *Farmer, supra*, the United States Supreme Court warned that Rule 54(d) does not give the court unrestrained discretion. The Court stated, "the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." Thus, the safest course to follow when costs not expressly authorized by statute are involved is to seek prior judicial approval. *Cox v. Maddux*, 285 F.Supp. 876 (W.D.Ark.1968); *Euler v. Waller*, 295 F.2d 765 (10th Cir. 1961).

The general federal statutes on costs and fees are 28 U.S.C. §§ 1911 through 1929. The statute of most general applicability is 28 U.S.C. § 1920. It provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Since defendant Fuller does not argue the applicability of Rule 68, Fed.R.Civ.P., the Court will decide the matter without reference to same. The particular items plaintiffs seek to have taxed as costs will be individually discussed in turn.

### Clerk and Marshal Fees

Both parties have agreed to the amount and propriety of this item of "costs and fees." Accordingly, the Court finds that defendant Fuller should pay the Clerk's and Marshal's fees of $118.40.

### Court Reporter Fees For Transcripts Necessarily Obtained For Use In The Case

Plaintiffs' itemized statement of court reporter fees includes the following: Court Reporter, Brenda Flora, for the Self and Elam depositions, $256.00; deposition fees for certain depositions of employees of Rockwell International in Detroit, $379.83; deposition fees for depositions of Tatistcheff, Winston and Hochmuth, $607.97; and $78.99 for the prior Fuller transcript.

Not included was the fee for the Runnels video deposition.

▪ Of these persons, only the depositions of Hochmuth and Dr. Runnels were offered into evidence.

There is general agreement that the expenses of a deposition may be taxed as costs when it was received in evidence, but even

this is not always true. *Compare Cox v. Maddux,* 285 F.Supp. 876 (W.D.Ark.1968), and *Banks v. Chicago Mill & Lumber Co.,* 106 F.Supp. 234 (E.D.Ark.1950). Attorney's fees associated with depositions are not taxable costs. *Wahl v. Carrier Mfg. Co.,* 511 F.2d 209 (7th Cir. 1975). It has been held that the expense of a deposition is taxable even though not used at the trial, if it seemed necessary at the time it was taken. *See Koppinger v. Cullen-Schiltz & Assoc.,* 513 F.2d 901 (8th Cir. 1975). However, none of the factors indicating the propriety of this are present here. *See generally* Wright & Miller, Federal Practice & Procedure, § 2676, p. 204. Indeed, some courts refuse by rule to allow taxation for such items. *See* Local Rule 70(7), District Court of Montana.

Thus, only those reporter fees incurred with reference to the Hochmuth and Runnels depositions will be allowed as costs. Inasmuch as the Tatistcheff, Winston and ·Hochmuth depositions were combined in plaintiffs' itemization, plaintiffs will need to separately itemize the fee for Hochmuth's deposition.

Plaintiffs also seek to have taxed as costs certain expenses "incident to taking of depositions." These include airplane tickets to Little Rock, $151.60; New York, $524.00; and Detroit, $250.00. Plaintiffs seek further to tax the cost of photographs incident to certain depositions, $80.00.

■ Barring exceptional circumstances, an attorney's traveling expenses in connection with the taking of depositions are not taxable costs. *See Manley v. Canterbury Corp.,* 17 F.R.D. 234 (D.Del.1955); *Sperry Rand Corp. v. A–T–O, Inc.,* 58 F.R.D. 132 (E.D.Va.1973). There are no equitable considerations involved in the instant action, such as unfairness or bad faith. Accordingly, plaintiffs' counsel's traveling expenses incident to the taking of these depositions are not taxable in this case. Nor does the Court find any reason to tax the cost of photographs used in depositions. Therefore, the "costs" referred to in plaintiffs' exhibit "B" are in fact "expenses" and must be borne by plaintiffs.

Accordingly, only the fees incident to the Hochmuth and Runnels depositions shall be taxed as costs.

*Fees and Disbursements For Witnesses*

■ Plaintiff seeks to have $11,031.20 taxed as costs for witness fees. Under Rule 54(d), the fees of witnesses ordinarily are proper items of costs. Various aspects of witness fees are controlled by federal statute.

28 U.S.C. § 1821 governs the attendance, mileage, and subsistence allowance to be paid to witnesses who must appear at trial or be deposed. The awarding of witness fees and expenses as taxable costs is a matter addressed to the discretion of the trial court, but the court cannot grant an amount larger than that allowed by the applicable statute. *Vincennes Steel Corp. v. Miller,* 94 F.2d 347 (5th Cir. 1938).

28 U.S.C. § 1821 provides: .

(a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

\* \* \* \* \* \*

(b) A witness shall be paid an attendance fee of $30 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

\* \* \* \* \* \*

(c)(2) A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a

uniformed table of distances adopted by the Administrator of General Services.

\*    \*    \*    \*    \*    \*

(4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.

(d)(1) A subsistence allowance shall be paid to a witness (other than a witness who is incarcerated) when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

(2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

The travel allowance prescribed by 5 U.S.C. § 5704 is 25 cents per mile for the use of a privately owned automobile. The subsistence allowance may not exceed $50.00 per day. See 5 U.S.C. § 5702(a).

■ Ordinarily, no fee may be taxed for someone who comes to the courthouse but does not testify at the trial. *Holmes v. Oxford Chems., Inc.*, 510 F.Supp. 915 (M.D. Ala.1981); *Worley v. Massey-Ferguson, Inc.*, 79 F.R.D. 534 (N.D.Miss.1978). This is a rebuttable presumption which may be overcome if it appears that a court order, stipulation of counsel, or some extrinsic circumstance rendered the testimony unnecessary. *Spiritwood Grain Co. v. Northern Pac. Ry. Co.*, 179 F.2d 338 (8th Cir. 1950).

Plaintiff seeks to have the sum of $453.33 taxed as costs as a witness fee for Dr. R. Craig Jerner. Dr. Jerner did not testify.

Dr. Vincent Runnels testified by videotape deposition and did not appear at trial. Dr. Walter Reed and Steve Jackson failed to testify. Dr. Reed has been paid by defendants and former defendants. Dr. George Wing and Dr. Shirley Winston did not testify at trial.

■ Consequently, the Court will allow as witness fees the following: The sum of $30.00 per day for each witness who testified at the trial, but only for the number of days in which they actually testified. Dr. Runnels' testimony is counted as one day. Dr. Jerner, Dr. Reed, Steve Jackson, Dr. Wing and Dr. Winston are not entitled to any witness fee and plaintiffs must bear these expenses.

Plaintiffs are directed to amend their witness fee schedule in accordance with the above. Plaintiffs are directed to submit proposed mileage for those witnesses who testified. Any witnesses whose testimony occurred on more than one day who reside so far from the courthouse as to prohibit return thereto from day to day will be allowed their actual subsistence expenses not to exceed $50.00 per day.

### Paper and Other Expenses Connected With the Trial

■ The cost of preparing a variety of exhibits has been allowed by many courts, either under 28 U.S.C. § 1920 or as an exercise of judicial discretion. Among these are maps, photographs, charts, and copies of records. Costs that are merely incidental to the trial or are incurred in preparation for it will not be considered as necessary by the Court and will not be allowed. *See Cox v. Maddux, supra.*

■ Plaintiffs having failed to seek prior approval for many of their expenses, are entitled to have only those expenses for items taxed as costs which were actually introduced or used at the trial. Plaintiffs are directed to submit an itemization of these items, cross-indexed by exhibit number.

### Defendant, Swift Transportation Company, Inc.

■ Further, plaintiffs prevailed only against the defendant, Haskell Edgar Fuller, and only Haskell Fuller is justly subject to the taxation of plaintiffs' costs.

After the amended Bill of Costs has been submitted, the Court will enter a final order approving or denying same.

A separate order in accordance with this memorandum opinion will be concurrently entered.