**Dell NELSON, Olin Smith and Dennie Snow**

v.

**DARRAGH COMPANY; First Tennessee Bank, N.A., Memphis, Tennessee; Donald Dalton;  and Gene Lashlee.**

Civ. No. 87–2095.

United States District Court,
W.D. Arkansas,
Fort Smith Division.

June 24, 1988.

Robert J. Brown, Little Rock, Ark., for plaintiffs.

J. Michael Cogbill, Brad Jesson, Fort Smith, Ark., James M. McHaney, Jr., Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

On May 9, 1988, a jury in this fraud case found in favor of the defendants. Judgment for the defendants was entered at that time.

On June 6, 1988, the defendants filed a bill of costs to be assessed against the plaintiffs. The plaintiffs subsequently filed a motion to quash the bill of costs.

### I.

Fed.R.Civ.P. 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs.... Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

In this case, the plaintiffs have not waited until the clerk taxed costs but instead have moved to quash the bill of costs submitted to the clerk. Some commentators have suggested that "nothing normally can come before the court until the clerk has acted and an objection has been made." *See* 10 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure: Civil* 2d § 2679 at 395 (1983); *see also Perlman v. Feldmann,* 116 F.Supp. 102, 111 (D.Conn. 1953). However, several courts have rejected that suggestion either implicitly or explicitly and have acted on motions relating to costs prior to any action by the clerk. *See, e.g., United States v. 2,186.63 Acres of Land,* 464 F.2d 676, 678 (10th Cir.1972) (per curiam) (trial court had ordered taxing of costs, but clerk had not yet done so; trial

court's order was appealable as final order even though clerk had not yet acted); *Syracuse Broadcasting Corp. v. Newhouse,* 32 F.R.D. 29, 29 (N.D.N.Y.1963), *aff'd,* 319 F.2d 683 (2d Cir.1963) (parties agreed to bypass clerk, and items challenged were "peculiarly within the knowledge of the trial judge and would be practically an impossible burden for the Clerk to resolve with any degree of reason and certainty"; procedure also sanctioned by "[j]udicial authority with reasoned interpretation"); *Deering, Milliken and Company, Inc. v. Temp–Resisto Corp.,* 169 F.Supp. 453, 456 (S.D.N.Y.1959) (language of rule is permissive, so it does not restrict inherent power of trial court to act even before clerk taxes costs; 28 U.S.C. § 1920 also allows taxing of costs by either judge or clerk); *Schauffler v. United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry,* 148 F.Supp. 704, 707 (E.D.Pa.1956), *aff'd,* 246 F.2d 867 (3d Cir. 1957) (costs submitted were not routine and would have been challenged in any event; therefore, "no useful purpose" would be served by requiring clerk to act first); *Kenny v. United States,* 118 F.Supp. 907, 908 (D.N.J.1954) (district judge ruled on motion for costs; no mention of any previous action by clerk); *Mallonee v. Fahey,* 117 F.Supp. 259, 272 (S.D.Cal.1953) (costs attributable to special master evidently must be assessed by the court; in addition, likelihood of appeal on any action by clerk would be high); and *Lazar v. Cecelia Co.,* 32 F.Supp. 420, 421 (S.D.N.Y.1939) (trial court ruled on motion for costs related to pretrial matters referred to special master; no mention of any previous action by clerk). This court, adopting the reasoning used in *Syracuse Broadcasting Corp.,* 32 F.R.D. at 29, *Deering, Milliken,* 169 F.Supp. at 456, *Schauffler,* 148 F.Supp. at 707, and *Mallonee,* 117 F.Supp. at 272, will do likewise.

### II.

The plaintiffs first assert that the defendants' bill of costs was filed too late. Their argument seems to be that Fed.R. Civ.P. 54(d) requires the bill of costs to be

filed within five days of the entry of the judgment.

The five-day reference in Fed.R.Civ.P. 54(d), however, is not to the deadline for submission of a bill of costs but to the deadline for an appeal from the clerk's action. Professor Wright notes that "[t]he text of Rule 54(d) does not indicate when the motion for taxation of costs must be made." *See* Wright, Miller, and Kane, *Federal Practice and Procedure: Civil* 2d § 2679 at 391. Furthermore, this district has no local rule requiring that a bill of costs be submitted within any particular time.

■ The entry of judgment was made on May 9, 1988. The defendants submitted their bill of costs on June 6, 1988. The court finds that the bill of costs in this case was submitted within a reasonable time after the entry of judgment. *See generally id.* at 392–93.

### III.

The plaintiffs next challenge the validity of the specific items submitted in the bill of costs. The court will deal with each category of items separately.

■ The defendants ask for reimbursement of transcription or copying fees for depositions taken from the plaintiffs, the two individual defendants, several officers or employees of the corporate defendant Darragh Company, and a lawyer, two accountants, and a bank officer familiar with the events that precipitated the lawsuit. The expense of depositions "reasonably necessary to [a] case and ... not purely investigative in nature" may be taxed as costs. *Koppinger v. Cullen–Schiltz and Associates,* 513 F.2d 901, 911 (8th Cir.1975). *See generally* Wright, Miller, and Kane, *Federal Practice and Procedure: Civil* 2d § 2676 at 341–48. None of these depositions, however, was introduced at trial by the defendants. The rule heretofore applicable in this district is that, absent a special showing, costs will not be taxed for depositions not used at trial. *See Evans v. Full-*

*er,* 94 F.R.D. 311, 313–14 (W.D.Ark.1982). The court therefore finds that the expense for these depositions should not be taxed as costs.

■ The defendants ask for reimbursement of fees for preparation of exhibits used at trial. The court finds that these fees, which total $655.52, are taxable as costs under 28 U.S.C. § 1920(3). *See also Evans,* 94 F.R.D. at 315, and Wright, Miller, and Kane, *Federal Practice and Procedure: Civil* 2d § 2677 at 364–69.

■ The defendants ask for reimbursement of fees for copies of documents produced in discovery by the plaintiffs. The court will allow reimbursement only for those copies that were introduced at trial by the defendants. *See* 28 U.S.C. § 1920(4) and Wright, Miller, and Kane, *Federal Practice and Procedure: Civil* 2d § 2677 at 360–61. According to the court's records, the defendants introduced 26 exhibits that were copies of documents. If the defendants will document the expense of preparing the copies that were introduced, the court will tax them as costs.

■ The defendants ask for reimbursement of travel expenses for Mr. Ted Darragh and Mr. Jim Young during the trial. Mr. Ted Darragh was called as a witness during the trial and is thus entitled to a witness fee and subsistence for the day he testified plus one day required for travel, plus mileage. *See* 28 U.S.C. § 1920(3) and Wright, Miller, and Kane, *Federal Practice and Procedure: Civil* 2d § 2678 at 374–76. This would include $60.00 as a witness fee, $101.00 for subsistence,[1] and $83.00 for mileage, *see* 28 U.S.C. § 1821(b), § 1821(d), and § 1821(c)(2), *see also* 5 U.S.C. § 5704(a) and § 5702(a)(1)(B), for a total of $244.00.

■ Mr. Jim Young did not testify at trial; however, the corporate defendant Darragh Company asserts that it would have called him as a witness if the plaintiffs had not unexpectedly read his deposition into the record instead. The court finds that the defendants are entitled to reimbursement for a witness fee and sub-

---

1. The court has used the per diem regulations applicable to judicial personnel, which allow $68 per day for Fort Smith and $33 for the last day of travel.

sistence for one day plus the day required for travel and for mileage, since it was the plaintiffs' action that rendered his testimony unnecessary. *See* Wright, Miller and Kane, *Federal Practice and Procedure: Civil* 2d § 2678 at 377–78. This totals $244.00 also, as documented above.

■ Finally, the defendants ask for reimbursement for the expenses of their expert witness, Mr. Carl Warren, who was subpoenaed by the plaintiffs and came to Fort Smith but who never testified at trial. The plaintiffs contend that they should not have to pay these expenses, because the "subpoena[] for appearance at trial ... had earlier been determined adversely to the plaintiffs" by the magistrate. The court has examined the magistrate's order of April 27, 1988, which dealt with a motion for protective order in response to a deposition subpoena. That order says nothing about the trial subpoena issued to Mr. Carl Warren.

The court finds that the plaintiffs are indeed liable for the trial expenses of Mr. Carl Warren. These include a witness fee and subsistence for the four days of the trial and the two days required for travel,[2] plus mileage. These expenses would therefore be $180.00 as a witness fee, $338.00 for subsistence, and $166.00 for mileage, for a total of $684.00.

### IV.

The court directs the defendants to submit an amended bill of costs reflecting the findings made above, on or before two weeks from the file date of this opinion. *See Evans*, 94 F.R.D. at 315.

---

**2.** The trial began on a Wednesday, adjourned for the weekend, and reconvened on Monday, so two round trips were necessary between Mr. Warren's home in Little Rock and the trial site in Fort Smith.