**Sylvester HARRIS, Plaintiff,**

v.

**Richard G. HARVEY, Jr., Defendant.**

**No. 75–C–612.**

United States District Court,
E. D. Wisconsin.

Aug. 8, 1978.

Burton A. Strnad Law Offices, Paul J. Gossens, Milwaukee, Wis., for plaintiff.

Foley & Capwell, Rex Capwell, David J. Nolden, Racine, Wis., for defendant.

**887**

DECISION and ORDER

MYRON L. GORDON, District Judge.

This case remains before me on the matter of the plaintiff's attorney's fees. On June 26, 1978, I ordered that the plaintiff recover attorney's fees in an amount to be determined after his counsel's submission of a more detailed application for attorney's fees. On July 5, 1978, the plaintiff's counsel filed an affidavit setting forth the requested information from which the reasonableness of an attorney's fees award could be determined.

On July 14, 1978, the defendant filed a motion for reconsideration of the portion of the decision and order dated June 26, 1978, which granted the plaintiff's request for an award of attorney's fees. The defendant's motion seeks, in the alternative, an order allowing the defendant to pursue discovery on the question of the amount of attorney's fees to be awarded to the plaintiff.

The defendant's request for reconsideration of the order awarding attorney's fees is based on his contention that this action involves a claim for damages personal to the plaintiff and that this action advances the public's interests only in an indirect sense. *Zarcone v. Perry,* 438 F.Supp. 788 (E.D.N.Y.1977), held under similar circumstances that an award of attorney's fees is inappropriate. The court of appeals' decision in *Zarcone* did not address the matter of attorney's fees, apparently because the plaintiff did not cross-appeal that issue. 572 F.2d 52 (2d Cir. 1978).

In my judgment, the extent to which the public's general interests are advanced by private litigation under 42 U.S.C. § 1983 is only one of the factors to be taken into account in the court's exercise of its discretion under 42 U.S.C. § 1988. That the constitutional deprivation upon which the § 1983 action is based was primarily private in character does not, in my opinion, preclude an award of attorney's fees to a prevailing plaintiff. To the extent that the district court's decision in *Zarcone* holds to the contrary, I simply disagree.

In enacting § 1988, Congress did not limit awards in § 1983 suits to those cases brought on behalf of a class or to those cases in which broad injunctive relief is sought. Neither the language of the Civil Rights Attorney's Fees Awards Act, which amended § 1988 to permit an award of attorney's fees in an action under § 1983, nor the accompanying Senate Report, No. 94–1011, 94th Cong., 2nd Sess. 2 (1976), *reprinted in* 5 U.S.Code Cong. & Admin. News pp. 5908, 5910, suggests that a separate interest of the public or of an identified class must have been benefited by the plaintiff's action as a condition precedent to an award of attorney's fees.

There is arguably an important benefit to the public in any meritorious action under § 1983 where a constitutional deprivation is vindicated; the constitutional guarantees themselves are thereby strengthened. The benefit is underscored in a case such as this brought against a state official charged with the responsibility of securing the state and federal rights of those who appear before him. Accordingly, I reject the contention that the personal nature of the deprivation in this case precludes an award of attorney's fees under § 1988; the motion to reconsider will therefore be denied.

The defendant's alternative motion for discovery in connection with the plaintiff's request for attorney's fees is bottomed on the defendant's desire to explore the records of the two firms for which the plaintiff's counsel was employed during the course of the litigation. The defendant seeks to obtain information concerning the plaintiff's counsel's itemization of hours. In an affidavit dated July 19, 1978, the plaintiff's counsel appears to have provided the basic information requested by the defendant's discovery motion. Accordingly, the motion seems to be moot in this respect.

In addition, however, the defendant seeks discovery based on a conversation overheard by one Sam Azarian at a restaurant in the summer of 1975. Allegedly, the plaintiff stated that a professional basketball player had given the plaintiff $5,000 to finance the commencement of this lawsuit and assured the plaintiff of additional financial backing.

The plaintiff's counsel opposes discovery on this point. He states that he has not requested nor received any attorney's fees from the plaintiff and that he and the plaintiff have a contingent fee agreement for this case. The defendant does not challenge the representation of the plaintiff's counsel that he has never received any fees from the plaintiff.

I find no need for discovery or factfinding on this issue. If a fraud is committed on the court, a party may invoke the court's equitable jurisdiction to review its judgment through an independent action. See Rule 60(b), Federal Rules of Civil Procedure. I am unwilling to reopen discovery and conduct a new trial merely because the defendant has discovered a new witness who has overheard remarks which he attributes to the plaintiff. I rejected such an effort by the defendant in his motion for a new trial and I decline to entertain such an effort at this juncture. Therefore, the motion for discovery will be denied.

The plaintiff entered into an agreement with his counsel whereby he agreed to pay him one-third of all monies recovered. In addition, any reasonable attorney's fees awarded in the action would be deducted from the one-third to which the plaintiff's counsel is entitled under the contingent fee agreement.

The plaintiff's counsel's affidavit states that approximately 625 hours were spent in the preparation and trial of this case and that his billing rate during the three year history of this case has grown from $35 to $60 per hour.

Other factors that merit consideration are the difficulty of the legal questions presented in this case, the consequent extensive briefing required for resolution of the motions filed by the parties, and the results obtained.

On the other hand, the defendant's emphasis on the primarily private character of the damages bears some significance in determining the proper attorney's fees

award. In addition, the use of a contingent fee agreement will produce a fund from which attorney's fees may be paid to the plaintiff's counsel. In my opinion, the major portion of the attorney's fees in this case should be drawn pursuant to the contingent fee agreement from the damage award made by the jury. I find that the sum of $7,500 is a fair attorney's fees award to be paid by the defendant in this case. An amended judgment will be entered to this effect.

Therefore, IT IS ORDERED that the defendant's motion for reconsideration of the order awarding attorney's fees to the plaintiff be and hereby is denied.

IT IS ALSO ORDERED that the defendant's alternative motion for discovery be and hereby is denied.

IT IS FURTHER ORDERED that the plaintiff may recover as part of his costs attorney's fees in the amount of $7,500 from the defendant.

IT IS FURTHER ORDERED that the clerk enter an amended judgment in accordance with this decision and order.