**JORDAN et al., Plaintiffs,**

v.

**WOKLE et al., Defendants.**

No. 77–C–81.

United States District Court,
E. D. Wisconsin.

Jan. 8, 1979.

Legal Action of Wisconsin by Patricia D. McMahon, George D. Edgar, Milwaukee, Wis., for plaintiffs.

Robert P. Russell, Corp. Counsel by Gerald G. Pagel, Asst. Corp. Counsel, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs have moved for an award of costs and attorneys' fees pursuant to 42

---

U.S.C. § 1988, which provides in pertinent part:

"In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

In this action brought under 42 U.S.C. § 1983, the plaintiffs challenged the conditions of their confinement as pretrial detainees at the jail of Milwaukee County. In their complaint filed on February 17, 1977, the plaintiffs requested injunctive relief to expand their visiting opportunities, to prevent the over-crowding of inmates, to improve medical conditions and to expand recreational opportunities.

After nearly two years of litigation, including evidentiary hearings before a master and before the court, a final judgment was entered on November 20, 1978. The judgment ordered a permanent injunction against the defendants, requiring them to expand visitation opportunities for pretrial detainees in the jail and requiring them to decrease the jail's population so as to afford inmates more living space. The plaintiffs' claim as to recreational facilities was dismissed after class certification as to that issue was denied. Their claim for improved medical facilities was settled by the parties.

It is clear that Congress intended attorneys' fees awards under § 1988 to extend to civil rights claims brought under § 1983 against state officials in their official capacity. *Bond v. Stanton*, 555 F.2d 172, 174 (7th Cir. 1977). I know of no exceptional circumstances in this case which would compel me to deny the plaintiffs attorneys' fees.

■ The defendants make essentially two arguments in opposition to the plaintiffs' motion. First, they contend that the plaintiffs were not the "prevailing" party in this case in view of the fact that on two of their four original claims the plaintiffs did not receive relief from this court.

The defendants' contention is not compelling. The plaintiffs have been awarded substantial injunctive relief in this case changing conditions in the jail of Milwaukee County. In my judgment, the plaintiffs need not succeed on each and every claim in their complaint in order to be considered a "prevailing" party under § 1988. *Guajardo v. Estelle*, 432 F.Supp. 1373, 1387 (S.D.Texas 1977).

■ Second, the defendants, who are agents of the county sued in their official capacities, contend that it is unfair to make the individual defendants pay attorneys' fees because (1) they were merely carrying out county policy and were not responsible for the design of the jail, and (2) there is no assurance that the county would reimburse them for the attorneys' fees they would be forced to pay. Since the defendants were sued in their official capacities, the plaintiffs' attorneys' fees can be awarded directly against the county. *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978).

In *Hutto*, inmates in Arkansas prisons brought suit against state prison officials challenging conditions in Arkansas penal facilities. The plaintiffs prevailed in their action and were awarded attorneys' fees by the district court. The Supreme Court affirmed the award of attorneys' fees against the Arkansas department of correction even though the department was not a named party to the suit:

" . . . Congress recognized that suits brought against individual officers for injunctive relief are for all practical purposes suits against the State itself. The legislative history makes it clear that in such suits attorney's fee awards should generally be obtained 'either directly from the official, in his official capacity, or from the State or local government (whether or not the agency or government is a named party).' S.Rep.No. 94–1011, p. 5 (1976)." 437 U.S. at 700, 98 S.Ct. at 2578.

Thus, costs and attorneys' fees in this case may be awarded directly against Milwaukee County.

■ There remains only the question of the amount of attorneys' fees which should

be awarded in this case. Factors to be considered in determining the size of such fees were set out in *Waters v. Wisconsin Steelworks of International Harvester Co.,* 502 F.2d 1309, 1322 (7th Cir. 1974). I am also mindful of the affidavits submitted by the plaintiffs' attorneys containing a record of the hours spent on this case, 177½ hours by one attorney and 38 hours by a second attorney. Finally, I note that two Wisconsin courts have previously considered the prevailing hourly rate in Wisconsin for private attorneys to be $45. *Schmidt v. Schubert,* 433 F.Supp. 1115, 1118 (E.D.Wis.1977); *State v. Sidney,* 66 Wis.2d 602, 225 N.W.2d 438 (1975).

Having considered these factors, I conclude that the plaintiffs are entitled to an award of attorneys' fees of $5,000. They are also entitled to recover their costs of $123.

Therefore, IT IS ORDERED that the plaintiffs' motion for an award of attorneys' fees be and hereby is granted.

IT IS ALSO ORDERED that the final judgment entered in this case be and hereby is amended so as to include $5,123 in attorneys' fees and costs taxable to Milwaukee County.