ENTERTAINMENT CONCEPTS, III, INC., Plaintiff,

v.

Robert T. MACIEJEWSKI, et al., Defendants.

No. 79 C 4469.

United States District Court, N. D. Illinois, E. D.

June 9, 1981.

Howard DePree, Bates, DePree, Bard & Wilson, Chicago, Ill., and Stephen M. Taylor, Southfield, Mich., for plaintiff.

Peter A. Zamis, Rathje, Woodward, Dyer & Burt, Wheaton, Ill., and Ronald S. Cope, Mary Denise Cahill and Katherine S. Janega, Ancel, Glink, Diamond & Murphy, Chicago, Ill., for defendants.

## MEMORANDUM OF DECISION

PERRY, Senior District Judge.

This cause comes on upon plaintiff's motion for attorneys' fees and costs (filed November 5, 1980), and upon plaintiff's amended and supplemental motion for attorneys' fees and costs, which was filed March 20, 1981 and which the court hereby treats as having supplanted the motion filed November 5, 1980. The court has read and considered both the aforesaid motions, defendants' Objections To Plaintiff's Petition For Attorneys' Fees, filed January 6, 1981, and Defendants' Responsive Memorandum of Law On The Issue of Attorneys' Fees, filed May 11, 1981. After making narrative findings and conclusions hereinafter, the court will rule on said amended and supplemental motion for attorneys' fees and costs.

In accordance with the mandate of the Court of Appeals, 631 F.2d 497 (7th Cir.),

this court has been ordered to determine "which Village entity" is responsible for the award of attorneys' fees which the Court of Appeals held must be granted to the plaintiff herein.

Plaintiff's suit against the Village officials was, for all practical purposes, brought against the Village itself. The Village's attorneys recognized this, for they have defended this suit since it began. Congress, too, has recognized that suits for injunctive relief against state or municipal officers in their official capacities are, for all practical purposes, suits against the state or the municipality itself and the legislative history of 42 U.S.C. § 1988 makes it clear that in such instances attorneys' fees should generally be obtained "either directly from the official, in his official capacity, from funds of his agency or under his control, or from the State or local government (*whether or not the agency or the government is a named party*)". [italics added]. *Hutto v. Finney*, 437 U.S. 678, 700, 98 S.Ct. 2565, 2578, 57 L.Ed.2d 522 (1978), citing and quoting from S.Rep.No.94–1011, p. 5 (1976).

In *Morrison v. Ayoob*, 627 F.2d 669, 672–673 (3rd Cir. 1980), the Court of Appeals said:

> The doctrine of judicial immunity is a common-law rule, and the Supreme Court has indicated that Congress may abolish the doctrine when it sees fit. See *Pierson v. Ray*, 386 U.S. 547, 554–55, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967). We believe that Congress has done so in § 1988.

Then the Court briefly discussed the legislative history of § 1988.

Just as the Court of Appeals for the Third Circuit held that Congress intended to abrogate judicial immunity under § 1988, our own Court of Appeals in the appeal of the instant case held that Congress also intended the abrogation of any immunity possessed by the officials of the Village of Westmont. This court is controlled by this holding and it is the law of the case inasmuch as the defendants' application for writ of certiorari has recently been denied by the United States Supreme Court.

█ It was the ordinances of the Village of Westmont that were held to violate plaintiff's civil rights and, in the opinion of the court, it is the Village of Westmont which is therefore responsible for the award of attorneys' fees and costs. See *Hutto v. Finney, supra*, 437 U.S., at 700, 98 S.Ct. at 2578; *Boe v. Colello*, 447 F.Supp. 607, 611 (S.D.N.Y.1978); *Jordan v. Wokle*, 464 F.Supp. 173, 174 (E.D.Wis.1979).

In view of the foregoing, the court determines that the Village of Westmont is the village entity responsible for the award of attorneys' fees and costs.

█ The court also determines that the plaintiff is entitled to attorneys' fees for work done on appeal. *Davis v. Murphy*, 587 F.2d 362, 364–65 (7th Cir. 1978); *Hutto v. Finney, supra*, 437 U.S. at 699–700, 98 S.Ct. at 2578; *Love v. Mayor*, 620 F.2d 235, 237 (10th Cir. 1980).

The court has also been ordered to determine the proper amount of attorneys' fees. For reasons set forth below, the court has determined that the hours claimed by counsel are not a rational reflection of the services that were necessary to perform.

█ In fashioning an hourly rate it is proper for the court to take into account the novelty and difficulty of the issues as well as other factors. This was a simple case. Nothing was complicated and the issues were simple and clear-cut. The only problem was the interpretation of the term "prevailing party" in the statute (42 U.S.C. § 1988) which allows the court in civil rights cases, in the exercise of its discretion, to grant a reasonable attorney's fee as part of the costs to the "prevailing party". This case presented no novel questions for which there was no direct precedent. The complaint contained issues which plaintiff knew or should have known would be controlled by readily-available, published decisions of other courts.

There was no discovery and there was no trial. There was merely a hearing, held November 2, 1979 on defendants' motion to dismiss, followed by one other hearing, held

the same day, on plaintiff's motion for injunction.

Comparatively little time was spent in court by either Attorney Howard DePree or Attorney Stephen M. Taylor. Both attorneys appeared in the District Court on November 2, 1979, for the aforesaid hearings which ultimately resulted in the court's issuance of the requested injunction, and both attorneys appeared in the Court of Appeals for oral argument.

The affidavits of Attorneys DePree and Taylor, filed in support of plaintiff's amended and supplemental motion for attorneys' fees and costs, show a great deal of un-necessary telephoning between themselves and between them and their client, plaintiff herein.

Many of the work items billed to attorney time could or should have been delegated to a non-attorney. As a result, the total number of hours billed at the trial level is inflated. Inflated, too, is the number of hours billed for work at the appellate level. There, Attorney DePree has billed 47 hours and Attorney Taylor has billed 110.5 hours, making a total of 157.5 hours. The court does not have the benefit of counsels' briefs on appeal but defendants have asserted, and plaintiff has not denied, that the cases cited and the arguments made at the District Court level were the same as those at the Court of Appeals level. This, plus the simplicity of the issues on appeal, compels the conclusion that the amount of time charged to appellate work is excessive.

 While the extent to which the public's general interests are advanced by private litigation under 42 U.S.C. § 1983 is only one factor to be taken into account in the court's exercise of its discretion under § 1988, and while the fact that the constitutional deprivation in the instant case was primarily private does not *preclude* in itself an award of attorney's fees, *Harris v. Harvey*, 453 F.Supp. 886, 887 (D.C.Wis.1978), it nonetheless, when considered with the foregoing factors, justifies a reduction in the overall hourly rate.

The court recognizes that both Attorney DePree and Attorney Taylor are competent and experienced attorneys. However, in view of the simplicity of this case, it was entirely un-necessary for the plaintiff to have engaged two attorneys. This was a matter which a local counsel should have handled by himself.

 In view of the discussion above, it would be very unfair to the defendants for the court to allow plaintiff's attorneys to be compensated at the flat rate of $100 per hour for every hour spent on the case. Therefore the court determines that $50 per hour is a reasonable hourly rate for work performed outside the courtroom and $100 is a reasonable hourly rate for courtroom work.

In attempting to arrive at a reasonable hourly rate, the court has considered the pertinent criteria for attorneys' fees awards expressed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–719 (5th Cir. 1974). Additionally, the court has drawn upon its own expertise in matters of this kind, gained as a result of 24 years of service at the bar and almost 30 years on the bench.

 Attorney Taylor has billed time for "½ day" on Nov. 1, 1979, "1 day" on Nov. 2, 1979, and "1 day" on April 28, 1980. He obviously is including several hours spent in traveling between his home or office in Michigan and the United States Court House in Chicago in order to argue his case before this court on Nov. 2, 1979 and the Court of Appeals on April 28, 1980. He also has billed time for "1 day" on December 6, 1979 for services in Chicago. Here again he obviously is including "commuting" time. The court should allow time for such "commuting", but time spent in travel should not be compensated at the same hourly rate as office and court time. *McPherson v. School District No. 186*, 465 F.Supp. 749, 757–58 (S.D.Ill.1978).

The court believes that $40 per hour for travel time is reasonable, and since Mr. Taylor's appearance before this court did not subsume more than 4 hours, and since

his appearance in the Court of Appeals did not call for more than an equivalent period of time, the court finds that Attorney Taylor should be awarded $100 per hour for 4 hours of courtroom time on November 2, 1979; $100 per hour for 4 hours of courtroom time on April 28, 1980; $50 per hour for 4 hours of office time on December 6, 1979; $40 per hour for 8 hours of travel time on November 1–2, 1979; $40 per hour for 4 hours of travel time on December 6, 1979; and $40 per hour for 8 hours of travel time on April 28, 1980, making a total of $1,800 for courtroom, office, and travel time on the aforesaid dates.

Some courts have allowed, under the concept of attorneys' fees under § 1988, such costs and disbursements as travel expenses, lodging expenses, and long-distance telephone calls. See, e. g., *Northcross v. Board of Ed. of Memphis City Schools*, 611 F.2d 624, 639 (6th Cir. 1979); *Population Services International v. Carey*, 476 F.Supp. 4, 8 (S.D.N.Y.1979); *Fairley v. Patterson*, 493 F.2d 598, 606 n. 11 (5th Cir. 1974); *Barth v. Bayou Candy Co.*, 379 F.Supp. 1201, 1205 (E.D.La.1974); *James v. Beaufort County Board of Ed.*, 348 F.Supp. 711, 720 (E.D.N.C.1971), aff'd, 472 F.2d 177 (4th Cir. 1972). Furthermore, as was pointed out in *Population Services International v. Carey, supra,* 476 F.Supp. at 8, during the House debate on § 1988, a member [Congressman Drinan] of the Committee on the Judiciary stated that "the phrase 'attorney's fee' would include the values of the legal services provided by counsel, including all necessary expenses incurred in furnishing effective and competent representation". 122 Cong.Rec. H 12,160 (daily ed. Oct. 1, 1976).

■ This court, however, is not persuaded by the above scant bit of legislative history and is of the opinion that the court should take a less liberal view toward allowing to an out-of-state attorney such items as travel, lodging, parking, and long-distance telephone calls so as to refrigerate undue enthusiasm for engaging out-of-state counsel. Accordingly, in the exercise of its discretion, this court will disallow Attorney Taylor's request, under the heading of "Costs", for hotel expenses, air travel, air freight, parking, and plane fare.

■ Attorney Taylor's request for $15.00 for membership in the Seventh Circuit Bar will also be disallowed for the reason that Attorney Taylor could have argued his case in the Court of Appeals on motion alone and in fact such motion was made and granted.

■ As for Attorney DePree's request for "Costs advanced", the court will disallow items under the heading of "Long Distance calls" for reasons explicated above. Items requested for service of motion and service of briefs will be disallowed for the same reasons. The court agrees with defendants' objections to the amount requested under the heading "Serv of Summons and subpoenas" ($249.75) for the reasons advanced at page 23 of defendants' original brief. Instead, the amount of $36.00 will be allowed in accordance with the schedule of costs set forth in 28 U.S.C. § 1920. Normally, costs for printing of appellate briefs are allowable pursuant to Rule 39(c), Federal Rules of Appellate Procedure. In this case, however, defendants assert, and plaintiff has not denied, that plaintiff failed to comply with Rule 39(d) and is thus disentitled to recover costs specified in said Rule 39(c). This court will not attempt to resolve this question, however, for the reason that the entire issue of costs allowable pursuant to Rule 39 should be determined in the Court of Appeals. Hence this court cannot allow the disputed item. Likewise, Attorney DePree's request for costs for $70.00 for the item described as "File Appeal", and his request for costs for $70.00 for "File Cross-appeal", will have to be presented to the Court of Appeals and cannot be allowed by this court.

In the light of all the foregoing, it is determined that the following fees and costs should be awarded to the plaintiff and against all of the defendants herein in their official capacity only: (1) Attorney DePree should be awarded $3,850.00 for work out of court and $1,025.00 for courtroom work, making a total of $4,875.00 in attorney's fees for Attorney DePree; (2) Attorney

Taylor should be awarded $10,687.50 for work out of court and $1,800.00 for courtroom work, making a total of $12,487.50 in attorney's fees for Attorney Taylor; (3) Costs in the amount of $433.80 should be awarded to Attorney DePree. No costs should be awarded to Attorney Taylor.

It is contemplated that payment of the aforesaid fees and costs will be made from the fisc of the Village of Westmont, or from official funds made available to said defendants.

The court is entering simultaneously herewith a Judgment Order herein.