Douglas R. DICKERSON, Plaintiff,

v.

Robert F. PRITCHARD, et al., Defendants.

Civ. No. 81–2164.

United States District Court,
W.D. Arkansas,
Fort Smith Division.

Nov. 10, 1982.

Robert M. Cearley, Jr., Charles D. Harrison, and Cearley, Mitchell & Roachell, Little Rock, Ark., for plaintiff.

Sam Sexton, Jr., Fort Smith, Ark., for defendants Pritchard, Reed & Parker.

Jonah Ted Yates, Ozark, Ark., for defendant Ronald Williams.

Lonnie C. Turner, Turner, Mainard & Whitehead, Ozark, Ark., for defendant McElhaney.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

### Introduction

This action arose under 42 U.S.C. § 1983, for injuries received by plaintiff on or about May 31, 1981, in Franklin County, Arkansas, when he was allegedly struck on the head by an ax handle wielded by the Sheriff. The case was tried to a jury on July 11 and 12, 1982, whereupon the jury returned a verdict for plaintiff in the amount of $140.32 as compensatory damages and $5,000.00 as punitive damages against defendant, Robert F. Pritchard, Sheriff of Franklin County, Arkansas. The jury

found in favor of defendants, Alan Parker, Margurette Reed and Ronald Williams. The Court had previously dismissed defendant, Bob McElhaney, from the action.

Judgment in the amount of $5,140.32 was entered for plaintiff on July 13, 1982. Defendant, Robert F. Pritchard, filed his notice of appeal on August 19, 1982. On August 26, 1982, plaintiff moved this Court for an order awarding attorney's fees and costs, under the provisions of 42 U.S.C. § 1988. Defendant, Robert F. Pritchard, failed to respond. On August 27, 1982, defendant, Bob McElhaney, likewise moved for an award of attorney's fees. Plaintiff has timely responded and the issues are ripe for resolution.

## Discussion

### I. Jurisdiction

At the outset the Court raises, as legitimate inquiry into the existence of its subject matter jurisdiction, the issue of whether the timely filing of the notice of appeal divested this Court of jurisdiction to entertain the subsequent motions for attorney's fees.

We note that there is a "split in the Circuits" on this precise issue. The First Circuit's position is that a motion for attorney's fees under 42 U.S.C. § 1988 must be made within ten days after entry of judgment on the merits of the litigation. *White v. New Hampshire Dept. of Employment Security,* 629 F.2d 697 (1st Cir.1980); Fed.R. Civ.P. 59(e).

The Fifth, Sixth and Seventh Circuits have held, however, that attorney's fees should be characterized as an item of costs, which, under the provisions of Rules 54(d) and 58, Fed.R.Civ.P., need not be requested within any prescribed time period after entry of judgment on the merits of the litigation. *Jones v. Dealers Tractor and Equipment Co.,* 634 F.2d 180 (5th Cir.1981); *Johnson v. Snyder,* 639 F.2d 316 (6th Cir.1981); *Bond v. Stanton,* 630 F.2d 1231 (7th Cir. 1980).

In *Knighton v. Watkins,* 616 F.2d 795 (5th Cir.1980), the Fifth Circuit held that an award of attorney's fees under section 1988 should be treated "as part of the costs" taxed after litigation under Rule 54(d) rather than as an element of the judgment on the merits. The court primarily relied on the language of section 1988, which "allow[s] the prevailing party, other than the United States, a reasonable attorney's fee as *part of the costs.*" 42 U.S.C. § 1988 (1976) (emphasis added). Because Rule 58 specifically provides that the entry of judgment shall not be delayed for the taxing of costs, and neither Rule 54(d) nor 58 prescribes any period after judgment within which an application for costs must be filed, the Fifth Circuit found no bar to entertaining a fee request filed over two months after the district court entered judgment on the merits.

The First Circuit, however, found this analysis unpersuasive in *White v. New Hampshire Department of Employment Security,* 629 F.2d 697 (1st Cir.1980). The court concluded that, despite the statutory language describing attorney's fees "part of the costs," Congress did not intend to include attorney's fees within the specific type of costs recoverable under Rule 54(d).

The Court of Appeals for the Eighth Circuit, reviewing the relevant case law, agreed that "the differences between attorney's fees and those items routinely assessed as costs after entry of judgment on the merits make it unlikely that Congress intended that fees be treated as costs for purposes of Rule 54(d)." *Obin v. District No. 9 of Intern. Ass'n, Etc.,* 651 F.2d 574 (8th Cir.1981).

Nevertheless, the Court indicated that their rejection of attorney's fees as costs taxable under Rule 54(d) does not, *a fortiori,* lead to the conclusion that attorney's fees are integral to the judgment on the merits and subject to the ten-day limitation of Rule 59(e). "Just as an award of attorney's fees differs in nature from the assessment of costs, it also differs from a judgment on the merits of the action." *Obin, supra,* at 580.

The Court concluded that a motion for attorney's fees raises a collateral and inde-

pendent claim, not an application for costs under Rule 54(d) or a matter integral to the merits of the action. Therefore

If the trial court enters a separate judgment on the merits and reaches the attorney's fee issue subsequently, we suggest that district courts adopt a uniform rule requiring the filing of a claim for attorney's fees within twenty-one days after entry of judgment.... If an appeal on the merits has already been taken, this court on its own motion or the motion of either party will consolidate the appeals for consideration by this court.

 \* \* \* \* \* \*

The *Fulbright* (citation omitted) and *Yellow Bird* (citation omitted) rulings served to clarify that the district courts retained jurisdiction to pass upon a claim for attorney's fees even though one of the parties has filed a notice of appeal on the merits of the litigation. *Because we hold in this opinion that a post judgment motion for attorney's fees raises a collateral and independent claim, there can be no question that the district courts retain jurisdiction to rule upon such motions notwithstanding entry of a judgment resolving the merits of the action.*

Accordingly, the law is clear in this Circuit that a judgment on the merits is final for appeal purposes, and that the filing of an appeal on the merits does not oust the district court of jurisdiction to award attorney's fees under 42 U.S.C. § 1988.

## II. The Amount of Attorney's Fees To Be Awarded

The computation of allowable attorney's fees under section 1988 is governed by familiar principles. Typically, a court will first multiply the number of hours reasonably expended times the lawyer's reasonable regular hourly rate. This is the so-called "lodestar" method of computation and normally produces a minimum amount below which the awards do not go. *Avalon Cinema Corporation v. Thompson,* 689 F.2d 137 (8th Cir.1982); *Crain v. City of Mountain Home,* 611 F.2d 726 (8th Cir.1979). The court will then consider other pertinent factors, commonly referred to as the "twelve factor" rule. *Allen v. Amalgamated Transit Union Local 788,* 554 F.2d 876 (8th Cir.1977). These twelve factors are:

(1) The time and labor required;

(2) The novelty and difficulty of the questions;

(3) The skill requisite to perform the legal service properly;

(4) The preclusion of other employment by the attorney due to the acceptance of the case;

(5) The customary fee;

(6) Whether the fee is fixed or contingent;

(7) The time limitations imposed by the client or circumstances;

(8) The amount involved and the results obtained;

(9) The experience, reputation and ability of the attorney;

(10) The undesirability of the case;

(11) The nature and length of professional relationship with the client;

(12) Awards in similar cases.

A court also has discretion to enhance a fee because of the public importance or other extraordinary features of a case. *Taylor v. Jones,* 653 F.2d 1193 (8th Cir.1981).

Plaintiff's counsel, Cearley, Mitchell and Roachell, by Robert M. Cearley, Jr., seeks compensation for fees computed as follows: 63.3 hours at $80.00 per hour; 41.2 hours at $60.00 per hour; and 29.4 hours of paralegal time at $30.00 per hour.

Although "[t]his court does not accept the attorneys' usual billing rate as definitively fixing their billing rates for this litigation," *Stanford Daily v. Zurcher,* 64 F.R.D. 680 (N.D.Cal.1974), *aff'd,* 550 F.2d 464 (9th Cir.1977), *rev'd on other grounds,* 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978), in general, "a reasonable hourly rate would be the ordinary fee 'for similar work in the community.'" *Avalon, supra.* However, "if 'a plaintiff can show he has been unable through diligent, good faith efforts

to retain local counsel, attorney's fees under 42 U.S.C. § 1988 are not limited to the prevailing rate in the district where the case is tried.'" *Avalon, supra.*

■ This Court is unable to declare that $80.00 per hour is an excessive rate for this type of litigation in the locale. Further, we think plaintiff did not act unreasonably in employing experienced and able counsel from the Little Rock area in view of the type of case presented, the rural area of plaintiff's home and the identity of defendants (Sheriff of Franklin County, Sheriff's Deputies, Chief of Police, Police Dispatcher). This Court can well understand the reluctance of local rural attorneys to accept such employment and the difficulty of locating local counsel who have not had personal dealings of one kind or another with the involved members of the rural law enforcement community. Thus, although we do not believe that the requested hourly rates exceed those in the area where the case was tried, we are equally confident that plaintiff was justified in employing counsel from the Little Rock area and the rates requested are well within the range of reasonableness for capable and skilled attorneys in that area.

We do not mean to imply that the local bar in the area of plaintiff's home is too "timid or parochial" to attack the "establishment on constitutional grounds for a reasonable fee, or even, in some cases, for no fee at all." *Avalon, supra.* The Court merely finds it entirely reasonable that plaintiff may have experienced some inherent difficulty in finding willing and experienced counsel in his local area who would have skillfully and ardently "gambled" on the outcome of this unpopular litigation for a lesser amount.

In *Avalon, supra,* the Eighth Circuit awarded rates of $110.00 per hour, $100.00 per hour, $75.00 per hour, $70.00 per hour, $65.00 per hour, $60.00 per hour, and $40.00 per hour for a team of attorneys "specialized" in the First Amendment zoning area of law. Although the instant action was not a complex case, it was a difficult one in which counsel's expertise could easily have made the crucial difference. In short, the Court concludes that the requested rates of $80.00 per hour and $60.00 per hour are well within reason and will be allowed.

■ The Court has carefully reviewed the submitted itemization of time devoted to plaintiff's case and is unable to say that any of the items were either duplicitous or unnecessary. Accordingly, the Court intends to allow 63.3 hours at the rate of $80.00 per hour for Mr. Cearley, and 41.2 hours at the rate of $60.00 per hour for his associates.

However, plaintiff seeks to recover 29.4 hours of paralegal assistance at the rate of $30.00 per hour. The Court notes that over 24 hours of the paralegal expense sought concerned plaintiff's response to defendant's motion for judgment n.o.v., including two revisions of the same. The Court concludes that although the rate of $30.00 per hour is a reasonable fee for paralegal assistance, no more than 15 hours appears to have been reasonably necessary in view of the relative lack of complexity of the issues presented. Therefore, the Court will award 15 hours of paralegal assistance at the rate of $30.00 per hour.

Plaintiff has submitted an itemization of costs, including expenses for telephone calls, photocopying, travel, parking during trial, accommodations during trial, witness fees and mileage, court reporter fees, marshal's fees, and mailing costs.

Three related concepts must be distinguished in this context—"costs," "fees," and "expenses."

■ "Costs" are those charges that one party has incurred and is permitted to have reimbursed by his opponent as part of the judgment.

■ "Fees" are those amounts paid to the court or one of its officers for particular charges that typically are delineated by statute, such as docket fees, marshal's charges, and witness fees.

■ "Expenses" includes all expenditures actually made by a litigant in connection with the action. *See Evans v. Fuller and*

*Swift Transportation Co., Inc.,* 94 F.R.D. 311 (W.D.Ark. Fayetteville, 1982); Wright & Miller, Federal Practice and Procedure § 2666.

 There is no question but that the witness fees and mileage sought in the amount of $136.40 are properly taxable as costs. The same is true for the marshal's fees of $46.46.

Under the circumstances presented, we believe the expenses of obtaining the depositions of Janice Martinez and Ralph Bryant are properly taxable as costs in the amount of $123.65. *Koppinger v. Cullen-Schiltz & Assoc.,* 513 F.2d 901 (8th Cir.1975).

Similarly, costs of photocopying will be awarded, in the discretion of the Court, in the amount of $52.60. *See Cox v. Maddux,* 285 F.Supp. 876 (W.D.Ark.1968); *Banks v. Chicago Mill & Lumber Co.,* 106 F.Supp. 234 (E.D.Ark.1950).

 However, the Court believes that plaintiff's counsel's traveling expenses for round trips from Little Rock to Paris, Ozark and Fort Smith on three separate occasions, and plaintiff's counsel's cost of accommodations and parking during trial, are, under the circumstances present here, more properly "expenses" rather than "costs" and will not be taxed as costs. *See Entertainment Concepts, III, Inc. v. Maciejewski,* 514 F.Supp. 1378 (D.Ill.1981). The Court, in its discretion, will allow the cost of necessary telephone calls to be taxed against defendant, Robert Pritchard. *See Crowe v. Lucas,* 479 F.Supp. 1258 (D.Miss.1979).

It must be kept in mind that even a prevailing party and his counsel in a civil rights action must bear some of the enormous cost of litigation. Those expenses of counsel not taxable as costs are matters to be left to plaintiff and his counsel to resolve. Accordingly, the Court will assess costs against defendant Pritchard in the amount of $505.10.

In accordance with the above, the Court finds the "lodestar" figure to be $7,986.00 (15 hours at $30.00 per hour plus 63.3 hours at $80.00 per hour plus 41.2 hours at $60.00 per hour).

Having ascertained the "lodestar" figure, the Court will consider the twelve factors of *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), to determine whether any "enhancement" or reduction of this figure is warranted.

The instant case was a difficult case, but no more complex than a simple battery suit. Accordingly, no enhancement is required by factors pertaining to the time and labor required, the novelty of the questions, preclusion of other employment, or time limitations.

The lawsuit, in essence, was an issue of plaintiff's credibility versus the veracity of a sheriff, a chief of police, two police officers and a police radio dispatcher. This situation presented a somewhat less than encouraging expectation of success and required a good degree of skillful presentation.

Plaintiff's counsel is an experienced practitioner specializing in civil rights and liberties and constitutional litigation. Mr. Cearley was involved in the 1975 invalidation of Arkansas' criminal libel statute on constitutional grounds. *Weston v. State,* 258 Ark. 707, 528 S.W.2d 412 (1975). In 1980, Mr. Cearley successfully represented various plaintiffs challenging Arkansas' "Code of Ethics" law, Act 570 of 1979, on constitutional grounds. Mr. Cearley was lead trial counsel in the trial involving Arkansas' "Creation-Science Law" which struck down Act 590 of 1981. *McLean, et al. v. State Board of Education,* 529 F.Supp. 1255 (E.D. Ark.1982). Mr. Cearley has gained a great deal of experience representing the Arkansas Education Association in many First Amendment cases. This Court has no hesitation in concluding that Mr. Cearley possesses and has exhibited much skill and expertise in developing and presenting the instant case.

The fee in the instant case was a contingency fee. In view of the difficulty of proof, the risk that all of plaintiff's counsel's efforts and expense could "go for naught" was considerable. Many courts have significantly enhanced the "lodestar"

figure based upon the quality of work performed and the contingency and uncertainty as to whether payment would ever be received. *See Keith v. Volpe,* 86 F.R.D. 565 (C.D.Cal.1980); *Aumiller v. University of Delaware,* 455 F.Supp. 676 (D.Del.1978).

■ The favorable results obtained by plaintiff's counsel also militate in favor of enhancement. Although the compensatory aspect of this litigation was minimal ($140.32), the value of the rights vindicated and the deterrent effect of the punitive award are immeasurable. In view of the rather significant fact that police brutality cases are not popular causes, especially perhaps in rural parts of the state, plaintiff's counsel should be compensated for taking the risk and performing more than competently. This is consistent with the spirit and purpose of the Act, which must be liberally construed to encourage compliance with and enforcement of the Civil Rights laws. *Dennis v. Chang,* 611 F.2d 1302 (9th Cir.1980).

In *Northcross v. Board of Education,* 611 F.2d 624 (6th Cir.1979), the court enhanced the "normal" attorney fee award by 10% because of the existence of a "real element of contingency" as to whether any compensation would ever be received.

In *Wells v. Hutchinson,* 499 F.Supp. 174 (E.D.Tex.1980), the attorney fee award was enhanced by a factor of two because compensation was totally dependent upon victory, where it was not obvious at the outset that plaintiff would prevail.

■ Where the quality of work is exceptional, substantially bringing about the favorable results achieved, in a contingency fee case, enhancement should be sufficient to encourage attorneys to enforce the civil rights acts, *Fitzpatrick v. Bitzer,* 455 F.Supp. 1338 (D.Conn.1978), but not exorbitant enough to "produce windfalls to attorneys." *Avalon, supra,* at p. 141.

■ After careful consideration of the twelve factors, the Court concludes that plaintiff's counsel is entitled to enhancement of the "lodestar" figure by fifty percent (50%). Only in this manner can experienced skillful attorneys be reasonably expected to take on the on-going representation of unpopular causes, with slight chance of success in many cases, and even slimmer chances of compensation. This is the clear Congressional intent of the statute.

Therefore, counsel for plaintiff is awarded the sum of $11,979.00 as attorney's fees, and $505.10 as expenses and costs against defendant, Robert Pritchard.

An order will be entered to this effect in the amount of $12,484.10.

### III. Motion of Defendant, Bob McElhaney, For Attorney's Fees

The current attorney for defendant McElhaney, Mr. James C. Mainard, of Turner, Mainard and Whitehead, has moved for the allowance of attorney's fees against the plaintiff, as a prevailing party.

■ The motion is not well taken. It is clear that attorney's fees are not awardable to prevailing defendants unless the plaintiff proceeded in "bad faith" or "wholly frivolously." *Bowers v. Kraft Foods Corp.,* 606 F.2d 816 (8th Cir.1979); *Wright v. Stone Container Corp.,* 524 F.2d 1058 (8th Cir. 1975).

In *Putman v. Gerloff,* 639 F.2d 415 (8th Cir.1981), the Court of Appeals for the Eighth Circuit held that even a subordinate police officer can be held liable for failing to intervene if a fellow officer, albeit his superior, was using excessive force and otherwise was unlawfully punishing the prisoner. *See Gerloff* at 423; *Byrd v. Brishke,* 466 F.2d 6 (7th Cir.1972).

■ The jury found that defendant Pritchard used excessive force on the plaintiff. The proof adduced at trial clearly showed that defendant McElhaney was present in the jail, and witnessed some of the events that took place between plaintiff and defendant Pritchard. Although it developed at trial that defendant McElhaney actually had no opportunity to intervene even had he observed the need to do so, it is clear that plaintiff's claim was not pursued in bad faith and was not wholly frivolous.

Accordingly, defendant McElhaney's motion for fees will be denied.