Douglas R. DICKERSON, Appellee,

v.

Robert F. PRITCHARD, Appellant.

Ronald Williams; Bob McElhaney; Marguerette Reed and Alan Parker. (Two cases)

Nos. 82–2001, 82–2415.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1983.

Decided May 11, 1983.

Sam Sexton, Jr., Sexton, Nolan & Robb, P.A., Fort Smith, Ark., for appellant.

* MARION T. BENNETT, United States Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

Robert M. Cearley, Jr., Little Rock, Ark., for appellee.

Before BRIGHT, Circuit Judge, BENNETT, United States Circuit Judge,* and FAGG, Circuit Judge.

BRIGHT, Circuit Judge.

Douglas R. Dickerson brought this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985(3) (1976) against Robert F. Pritchard, the Sheriff of Franklin County, Arkansas, and four other law enforcement officers (Ronald Williams, Bob McElhaney, Marguerette Reed, and Alan Parker). Dickerson alleged that Pritchard beat him up following an arrest and that McElhaney, Williams, Reed, and Parker stood idly by during this beating. Pritchard appeals the judgment of the district court[1] entered on a jury verdict against Pritchard for $140.32 in compensatory damages and $5,000 in punitive damages. Pritchard also appeals an award to Dickerson, pursuant to 42 U.S.C. § 1988 (1976), of $11,979 in attorneys' fees and $505.10 in costs. For the reasons outlined below, we affirm the judgment of the district court, 551 F.Supp. 306, and the award of attorneys' fees and costs.

I. *Background.*

Dickerson filed his complaint against the defendants on August 3, 1981. The district court submitted the cause to the jury on July 13, 1982. After the court instructed the jury and the jury retired to deliberate, the attorney for Pritchard, Samuel Sexton, approached the court in chambers and advised the court that he needed to go back to his office to "make a living." Sexton further advised the court that he would leave Jonah Yates, an attorney representing one of the other parties, to "look out after my interests." The trial court consented, and Sexton absented himself from the courtroom.

1. The Honorable H. Franklin Waters, United States District Court for the Western District of Arkansas.

The jury went out to deliberate at 1:30 p.m. The trial court brought them back into the courtroom at 3:40 p.m. The jury inquired of the court if the jury was required to assess punitive damages if they awarded compensatory damages. The court, in the presence of Yates but not Sexton, reread only the punitive damage instructions. Yates consented to the procedure. The jury then went back to deliberate. At 5:00 p.m., the trial court brought the jury back into the courtroom. The jury informed the court that the jury was not able to reach a verdict. The court then read the jury an instruction encouraging them to reach a decision. Yates was present at this time and made no objection. The jury retired again to deliberate. At 5:17 p.m., the jury returned again to the courtroom, having reached a unanimous verdict. Using a single verdict form, the jury awarded no compensatory damages against the four defendants, Reed, Parker, Williams, and Pritchard. However, using the same form, the jury awarded punitive damages against Pritchard in the amount of $5,000. The court, realizing that an award of compensatory damages is necessary to support a punitive damage award, immediately called for a recess so that Sexton, the attorney for Pritchard, could be located so that he could return to the courtroom. At 5:50 p.m., the court was back in session, but the jury was not in the courtroom. Then, with Sexton present, the court explained what it was going to do:

The Court, as indicated in chambers, believes that there is some indication from the way the verdict form was answered, that the jury misunderstood the verdict forms. Specifically, the Court is afraid that the jury may have thought that they had to return compensatory damages, the way the form reads, against all of the defendants or none at all. That of course is not the way the form was designed, and is not, in the Court's view, the law.

In order to try to salvage something out of this, and in an attempt to determine, if we can, what the jury's intention was, and an attempt to at least give the jury something that they can work with, if they desire to, what the Court plans to do is call the jury back in; read them the two instructions, one on compensatory damages that the Court earlier read, and one on punitive damages that the Court earlier read.

I then intend to give the jury new verdict forms, one set of verdict forms will allow the jury to find separate in favor of each of the defendants, and against the plaintiff. Another set of jury forms will read as to all of the defendants with the exception of Mr. Pritchard, will read: "We the jury find for the plaintiff, Douglas R. Dickerson, (T. 241) against the defendant, Allen [sic] Parker, for example, and assess compensatory damages in the amount of, and a dollar sign and then a blank.["] We will have one of those for each one of the defendants. Mr. Pritchard's will read the same, except it will have the additional finding of punitive damages. Maybe I had just better read that into the record. We the jury find for the plaintiff, Douglas R. Dickerson, against the defendant, Robert F. Pritchard, and assess compensatory damages in the amount of, (and then there is a blank for them to fill in a dollar figure). And it further reads: We further assess punitive damages against the defendant, Robert F. Pritchard, in the amount of (a dollar sign and a blank, and of course signatures). That is what I intend to do. Mr. Sexton has, naturally, objections to that.

The court then overruled Sexton's objections and brought the jury back into the courtroom. The court explained the situation to them, and reinstructed the jury with the same damage instructions for both compensatory and punitive damages which were read earlier. The court also stated that it would give new verdict forms to the jury, and explained these forms to the jury. The jury retired from the courtroom to deliberate at 6:15 p.m. A few minutes later, they returned with the unanimous verdict awarding Dickerson $140.32 in compensatory damages and $5,000 in punitive damages against Pritchard. The jury did not

award compensatory or punitive damages against the other defendants. The district court later awarded Dickerson attorneys' fees and costs against Pritchard. These appeals followed.

## II. Discussion.

 Pritchard argues initially on appeal that the district court erred in further instructing the jury and resubmitting the cause to the jury after the jury had already returned its verdict. Pritchard argues that if the district court believed the jury had reached an erroneous conclusion returning the first verdict, the court should have ordered a new trial. We reject this argument. The district court realized that the original verdict form caused confusion among the jury members. The court then proceeded intelligently to attempt to correct that confusion. A trial court has the power, before accepting a verdict and discharging the verdict, to permit the jury to correct the mistake. *See Rowe International, Inc. v. J–B Enterprises, Inc.,* 647 F.2d 830, 835 (8th Cir.1981). *See also University Computing Co. v. Lykes-Youngstown Corp.,* 504 F.2d 518, 546–47 (3d Cir.1974). We also observe that the trial court clearly instructed the jury that the jury could return the same verdict or a different verdict on the new individual forms. We therefore conclude that the trial court properly resubmitted the inconsistent verdicts to the jury for reconsideration.

 Pritchard also argues on appeal that the trial court erred when, at 3:40 p.m., the court called the jury back into the courtroom and proceeded to read the instruction on punitive damages to them in the absence of Sexton. Pritchard argues that his counsel would have objected to reading the punitive damage instruction by itself, and believes that where the jury requires further instruction, the appropriate procedure is to reread all the instructions. Pritchard also asserts that the district court erred in reading an instruction encouraging the jury to find a verdict without Sexton being present. We reject Pritchard's arguments on this issue. We conclude that the trial court did not act improperly in responding to a question from the jury and in further instructing the jury in the absence of counsel where Pritchard's counsel voluntarily absented himself from the courtroom, all communications were in open court and on the record, and the supplementary instruction was not erroneous as a matter of law. The action of the court in this case was not of such a character to warrant a reversal of the judgment. We also observe that Yates was present in the courtroom during the time Sexton was absent, and made no objections to the procedures adopted by the court.

 Additionally, Pritchard argues that the district court erred in 1) admitting into evidence as an exhibit certain clothing, the existence of which was not disclosed by Dickerson prior to trial, 2) refusing to instruct the jury on the law of assumption of risk, 3) refusing to strike the claim for punitive damages against Pritchard, 4) refusing to direct a verdict for the codefendants Reed, Parker, and Williams, and 5) awarding attorneys' fees and costs. After a careful review of the record and the briefs in this case, we conclude that the district court did not abuse its discretion in ruling on any of these issues or in awarding attorneys' fees and costs.

## III. Conclusion.

Accordingly, we affirm the judgment of the district court and the district court's award of attorneys' fees and costs against Pritchard.